**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hoyt FORESTER, Defendant–Appellant.**

No. 88–5561.

United States Court of Appeals,
Fifth Circuit.

May 24, 1989.

R. Clark Adams, Asst. Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Michael R. Hardy, LeRoy Morgan Jahn, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty. and Mitchell Weindenbach, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, WILLIAMS and JOLLY, Circuit Judges.

PER CURIAM:

Forester appeals from the sentence imposed on resentencing of his conviction for possession of phenyl–2–proponone (P₂P) with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1). Originally, Forester was convicted of both attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1) and possession of P₂P (Count 2), and sentenced to 2 consecutive 6–year terms of imprisonment. On appeal this Court affirmed the convictions stating that possession of P₂P and attempt to manufacture methamphetamine are separate offenses, but vacated the sentences on the ground that Congress did not intend "multiple punishments for the criminal who completes more than one interim step of a multi-step crime." 836 F.2d 856, 861 (5th

**984**

Cir.1988). The Court remanded for "resentencing on one of the two counts." *Id.*

Forester was resentenced on Count 2 (possession) to 10 years of imprisonment and 4 years of special parole. At resentencing, Forester objected to this new sentence as a violation of double jeopardy. The trial court overrruled his objection stating that the new sentence was less than the total original 12–year term. Now Forester, presumably recognizing that we have repeatedly rejected double jeopardy claims in this situation, challenges the new sentence advancing for the first time a due process argument under *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Forester asserts that the sentencing judge did not articulate why, after a successful appeal, the sentence was greater than initially imposed.

 We find the District Court committed no relevant error in the resentencing of Forester. The action was consistent with principles articulated by this Circuit. *See United States v. Cataldo,* 832 F.2d 869 (5th Cir.1987), *cert. denied,* —— U.S. ——, 108 S.Ct 1577, 99 L.Ed.2d 892 (1988); *United States v. Colunga,* 786 F.2d 655 (5th Cir.1986) (Colunga I); *United States v. Colunga,* 812 F.2d 196 (5th Cir.1987) (Colunga II), *cert. denied,* —— U.S. ——, 108 S.Ct 165, 98 L.Ed.2d 120 (1987). When, as in the instant case, the effect of an appellant's challenge implicates the sentencing scheme with respect to interrelated or intertwining counts, the presumption of vindictiveness does not arise if the overall sentence is not increased. *See Cataldo,* 832 F.2d at 874–75. *See also United States v. Norton,* 657 F.2d 1003, 1004 (8th Cir.1981) (per curiam). Moreover, if *Pearce* vindictiveness is claimed, it should be adequately brought to the sentencing judge's attention so that the judge is given a fair opportunity to state on the record the pertinent reasons for the resentence. Here the sentence for Count 2 has increased from 6 to 10 years. But the sentence for this episode of criminal conduct—which the trial judge originally treated as 2 separate crimes for sentencing—has decreased from 12 to 10 years of imprisonment, still within the statutory maximum of 15 years.

Having shifted so lately to the *Pearce* contention, Forester does not meet the demands of the plain error rule by demonstrating a miscarriage of justice by resentencing pursuant to our remand.

AFFIRMED.