**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gerald VONTSTEEN, a/k/a Skip
Vontsteen Defendant-
Appellant.**

**No. 89-2745.**

United States Court of Appeals,
Fifth Circuit.

Jan. 7, 1992.

H. Michael Sokolow, Asst. Federal Public Defender, Roland E. Dahlin, II, Federal Public Defender, Houston, Tex., for defendant-appellant.

Paula C. Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ, KING, GARWOOD, JOLLY, HIGGINBOTHAM, DAVIS, JONES, SMITH, DUHÉ, WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.*

W. EUGENE DAVIS, Circuit Judge:

Gerald Vontsteen appeals his sentence, claiming a due process violation under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). A panel of this court gave plenary review to Vontsteen's claims and affirmed the sentence. Upon rehearing en banc, we, too, affirm Vontsteen's sentence, but hold only that the district court's sentence did not amount to plain error.

I.

A jury convicted Gerald Vontsteen in January 1988 on twenty-one counts of aiding and abetting mail fraud (in violation of 18 U.S.C. §§ 1341 and 1342) and one count of transporting stolen goods (in violation of 18 U.S.C. § 2314). The district court sentenced Vontsteen as follows:[1] (1) five years imprisonment on each of Counts 1 through 10, to run concurrently; (2) five years each on Counts 11 through 20, to run concurrently with each other but consecutive to the sentence imposed on Counts 1 through 10; (3) five years suspended on Count 21 for five years supervised probation, to commence on completion of parole; and (4) ten years on Count 22, to run concurrent with the sentence on Count 21, suspended for five years supervised probation, also to begin on completion of parole. Further, the court ordered five hundred hours of community service as a condition of probation. The net result of this sentencing package was ten years imprisonment followed by five years of supervised probation and five hundred hours of community service.

This court reversed the mail fraud convictions (Counts 1 through 21), vacated the entire sentence, and remanded for resentencing on Count 22. *United States v. Vontsteen*, 872 F.2d 626 (5th Cir.1989) (*Vontsteen I*). At the resentencing hearing, the district court overruled Vontsteen's objections to the revised presentence report and resentenced him to ten years imprisonment, without any probation or community service to follow. Vontsteen made no objection to the sentence.

Vontsteen again appealed, raising *inter alia* the due process question at issue here. A divided panel of this court, after reviewing the merits of Vontsteen's argument, affirmed the sentence. *United States v. Vontsteen*, 910 F.2d 187 (5th Cir.1990) (*Vontsteen II*), cert. denied, —— U.S. ——, 111 S.Ct. 801, 112 L.Ed.2d 862 (1991). We granted rehearing en banc to consider Vontsteen's *Pearce* claim. 919 F.2d 957 (5th Cir.1990).

II.

Vontsteen argues that the district court's sentence violates due process under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In *Pearce* the Supreme Court addressed judicial vindictiveness by trial courts against defendants who take successful appeals. To ensure that defendants are free from even the apprehension of such judicial vindictiveness, the Court:

concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of

---

* Judge Harold R. DeMoss, Jr. was sworn in after this case was argued to the En Banc Court and elected not to participate in this en banc decision.

1. Because the charged offenses occurred before November 1, 1987, Vontsteen was not sentenced under the Sentencing Guidelines.

the increased sentence may be fully reviewed on appeal.

*Id.* at 726, 89 S.Ct. at 2081. Vontsteen argues that the district court failed to satisfy this mandate when it resentenced him following his successful appeal. He maintains that his second sentence was "more severe" for *Pearce* purposes because the sentence on Count 22 increased from five years probation to ten years imprisonment. According to Vontsteen, the sentence violates *Pearce* because the court's reasons for the more severe sentence do not "affirmatively appear."

## A.

■■■ We first address [2] the standard of review. The panel majority in *Vontsteen II* gave plenary review to Vontsteen's claim of *Pearce* error. Because Vontsteen failed to make a contemporaneous objection and alert the district court to the claimed *Pearce* violation, we conclude that the proper standard is plain error.

The Supreme Court grounded the *Pearce* rule in constitutional due process of law. *Pearce,* 395 U.S. at 725, 89 S.Ct. at 2080. This does not, however, excuse a defendant from the usual requirement that he lodge a contemporaneous objection to preserve an issue for appeal. "No procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Yakus v. United States,* 321 U.S. 414, 444, 64 S.Ct. 660, 676, 88 L.Ed. 834

(1944). The Supreme Court recently noted that the "most basic rights of criminal defendants" are subject to waiver under the contemporaneous objection rule. *Peretz v. United States,* — U.S. ——, 111 S.Ct. 2661, 2669, 115 L.Ed.2d 808, 822 (1991) (waiver of right to have Article III judge preside at jury selection), *citing United States v. Gagnon,* 470 U.S. 522, 528, 105 S.Ct. 1482, 1485, 84 L.Ed.2d 486 (1985) (absence of objection constitutes waiver of right to be present at all stages of criminal trial); *Levine v. United States,* 362 U.S. 610, 619, 80 S.Ct. 1038, 1044, 4 L.Ed.2d 989 (1960) (failure to object to closing of courtroom is waiver of right to public trial); *Segurola v. United States,* 275 U.S. 106, 111, 48 S.Ct. 77, 79, 72 L.Ed. 186 (1927) (failure to object constitutes waiver of Fourth Amendment right against unlawful search and seizure); *United States v. Figueroa,* 818 F.2d 1020, 1025 (1st Cir.1987) (failure to object results in forfeiture of claim of unlawful postarrest delay); *United States v. Bascaro,* 742 F.2d 1335, 1365 (11th Cir.1984) (absence of objection is waiver of double jeopardy defense); *United States v. Coleman,* 707 F.2d 374, 376 (9th Cir.1983) (failure to object constitutes waiver of Fifth Amendment claim).

■■■ The reasons for the contemporaneous objection rule are well known. "This salutory [sic] rule has its roots in obvious considerations of finality of the criminal trial process, of judicial efficiency, and of avoiding trials by ambush." *United States*

---

**2.** To the extent the panel majority in this case suggested that a defendant must undergo a new trial to invoke *Pearce,* we disagree. *See* 910 F.2d at 192.

In *Pearce* the vindictive sentence was indeed imposed after retrial, and the Court referred to resentencing "after a new trial" when it formulated the rule. *Pearce,* 395 U.S. at 726, 89 S.Ct. at 2081. But we do not read that language as limiting *Pearce's* application to sentencing after a new trial. We have found no case that expressly limits *Pearce* in this way. Other circuit courts agree that the *Pearce* rule applies to a new sentence imposed after appeal whether or not preceded by a new trial. For example, in *United States v. Jefferson,* 760 F.2d 821, 825 (7th Cir.), *vacated on other grounds,* 474 U.S. 806, 106 S.Ct. 41, 88 L.Ed.2d 34 (1985), *adhered to by*

*United States v. Mancari,* 914 F.2d 1014, 1018 (7th Cir.1990), the court saw "no reason to distinguish ... the case of resentencing after retrial from the case of resentencing after vacation of an illegal sentence. The same threat of vindictiveness is present, and the same safeguards are necessary." *See also Robinson v. Scully,* 690 F.2d 21, 24 (2d Cir.1982); *United States v. Raimondo,* 721 F.2d 476, 478 (4th Cir. 1983). This is consistent with our own cases that have applied *Pearce* to remands solely for resentencing without discussing the issue explicitly. *See United States v. Schoenhoff,* 919 F.2d 936, 938 (5th Cir.1990); *United States v. Forester,* 874 F.2d 983, 984 (5th Cir.), *cert. denied,* 493 U.S. 920, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989); *United States v. Colunga,* 812 F.2d 196 (5th Cir. 1987) (*Colunga II*).

*v. Perez,* 651 F.2d 268, 273 (5th Cir. Unit A July 1981). More fully,

> "There are many rationales for the raise-or-waive rule: that it is a necessary corollary of our adversary system in which issues are framed by the litigants and presented to a court; that fairness to all parties requires a litigant to advance his contentions at a time when there is an opportunity to respond to them factually, if his opponent chooses to; that the rule promotes efficient trial proceedings; that reversing for error not preserved permits the losing side to second-guess its tactical decisions after they do not produce the desired result; and that there is something unseemly about telling a lower court it was wrong when it never was presented with the opportunity to be right. The principal rationale, however, is judicial economy: (1) if the losing side can obtain an appellate reversal because of error not objected to, the parties and public are put to the expense of retrial that could have been avoided had an objection been made; and (2) if an issue had been raised in the trial court, it could have been resolved there, and the parties and public· would be spared the expense of an appeal."

Wayne R. LaFave and Jerold H. Israel, 3 *Criminal Procedure* § 26.5 at 251–52 (West, 1984) (footnote omitted) (*quoting State v. Applegate,* 39 Or.App. 17, 591 P.2d 371, 373 (1979)). The contemporaneous objection rule applies to sentencing hearings as well as to trials. *United States v. Lopez,* 923 F.2d 47 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991).

Vontsteen attempts to avoid the contemporaneous objection rule by suggesting that the Supreme Court's use of the word "must"[3] in articulating the *Pearce* rule renders the procedure mandatory. We disagree. Such wording "is a general feature of legal rules, and does not make their provisions nonwaivable. Specific rules of conduct or procedure are promulgated against a background of understandings

concerning the procedure for invoking the benefits of rules, or for waiving those benefits." *United States v. Giovannetti,* 928 F.2d 225, 226 (7th Cir.1991). The contemporaneous objection rule is such a "background of understanding."

Moreover, the burden imposed by the contemporaneous objection rule on the defendant's right to be free of judicial vindictiveness is minimal. After the district court has announced its sentence, any vindictiveness present in the resentencing has already occurred. Vontsteen, and defendants like him, have nothing further to fear and nothing to lose by objecting to the sentence.

In short, any diminution in the defendant's right protected by *Pearce* is outweighed by gains to the adversary system, judicial economy, and appellate orderliness. Vontsteen asks us to remand so that the district court can reconsider and explain its second sentence in light of *Pearce.* But Vontsteen could easily have asked for this relief at the sentencing hearing. "The plain error doctrine is designed to avoid just such a circuitous waste of judicial resources." *Lopez,* 923 F.2d at 50. We hold that Vontsteen was required to make a contemporaneous objection to his sentence on grounds of vindictiveness to preserve his claim of *Pearce* error for appeal. *United States v. Forester,* 874 F.2d 983, 984 (5th Cir.), *cert. denied,* 493 U.S. 920, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989).

### B.

■ Vontsteen argues alternatively that he satisfied any contemporaneous objection requirement. Rule 51 of the Federal Rules of Criminal Procedure governs the form contemporaneous objections must take to preserve error for appeal:

> Exceptions to ruling or orders of the court are unnecessary and for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of

---

**3.** The Court stated that "whenever a judge imposes a more severe sentence upon a defendant …, the reasons for his doing so *must* affirma-

tively appear." 395 U.S. at 726, 89 S.Ct. at 2081 (emphasis added).

the court is made or sought, makes known to the court the action which that party desires the court to take or that party's objection to the action of the court and the grounds therefor; but if a party has no opportunity to object to a ruling or order, the absence of an objection does not thereafter prejudice that party.

Fed.R.Crim.P. 51. Vontsteen maintains that he satisfied the requirements of Rule 51 by making known to the district court the action he desired the court to take. At the resentencing hearing, the government asked the district court to impose on Vontsteen a sentence "commensurate with his actions." In response, Vontsteen's counsel asked the court

> to be lenient with Mr. Vontsteen in light of the time he's already served, in light of the personal loses [sic] suffered from the divorce, and in light of his health problems with regard to his heart which has gotten worse in prison.... And for the Court to be as lenient as possible. And certainly sentence Mr. Vontsteen to no more than four to five years.

Vontsteen asserts that his request for a sentence of four or five years satisfies Rule 51. We disagree. The request was simply part of a general plea for leniency; it was not sufficient to put the district court on notice of Vontsteen's *Pearce* claim.

After hearing from the government, Vontsteen's counsel, and Vontsteen himself, the district court announced its sentence. No one spoke or objected thereafter, and the district court adjourned the hearing. Vontsteen had the opportunity to object to the sentence, yet stood silent. Vontsteen did not make an adequate objection under Rule 51 to preserve his claim of *Pearce* error for appeal.

## C.

■ Vontsteen next argues that his failure to make a contemporaneous objection is excused by a related omission by the government. The government did not raise until oral argument in *Vontsteen II* Vonts-

teen's lack of a contemporaneous objection. 910 F.2d at 194 n. 5. The government's silence, according to Vontsteen, amounts to a "waiver of his waiver" and thereby permits this court to review his claims de novo.

■ Appellate courts are courts of error; "we do not sit to hear cases de novo." *Commercial Standard Ins. Co. v. Bryce St. Apartments, Ltd.,* 703 F.2d 904, 908 (5th Cir.1983). Thus an appellate court must apply *some* standard of review to every issue it considers. Parties frequently brief and argue their view of the appropriate standard to guide the appellate court in choosing the correct one. Parties have this incentive because the standard chosen often affects the outcome of the case. Steven Alan Childress and Martha S. Davis, 1 *Standards of Review* ix, § 1.1 at 4 (Wiley, 1986). The parties' failure to brief and argue properly the appropriate standard may lead the court to choose the wrong standard. But no party has the power to *control* our standard of review. A reviewing court may reject both parties' approach to the standard. *See ASCAP v. Showtime/The Movie Channel, Inc.,* 912 F.2d 563, 569 (2d Cir.1990). If neither party suggests the appropriate standard, the reviewing court must determine the proper standard on its own, *see Cordrey v. Euckert,* 917 F.2d 1460, 1465 (6th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1391, 113 L.Ed.2d 447 (1991); *United States v. Booth,* 669 F.2d 1231, 1235–36 (9th Cir. 1981), or the court may ask the parties to brief the issue specifically, as we did before rehearing this case en banc.

■ We ordinarily have the discretion to decide legal issues that are not timely raised. *United States v. Giovannetti,* 928 F.2d 225 (7th Cir.1991) (*Giovannetti II*) illustrates this discretion. There the government failed to argue that any error of the district court was harmless. The appellate court addressed whether the government's failure to argue harmless error operated as a waiver of the argument and, if so, "whether such a waiver always binds the court." *Id.* at 226. The court concluded that the government could waive

harmless-error arguments, but that the court had "discretion to overlook a failure to argue harmlessness" and to undertake the task *sua sponte. Id.* at 227. The court grounded this ability on Rule 2's mandate "to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." Fed. R.Crim.P. 2. Other circuits agree with this principle. *United States v. Cortes,* 949 F.2d 532, 542–43 (1st Cir.1991) (agreeing with *Giovannetti* in principle but not articulating a test); *United States v. Pryce,* 938 F.2d 1343, 1347–48, 1351 (D.C.Cir.1991) (same).

Here, Vontsteen failed to make a contemporaneous objection. This failure relegates him to plain error review under Rule 52(a). That the government waited until oral argument to bring this to our attention is unfortunate, but not fatal. We have addressed standards of review raised for the first time at oral argument before. *Florida Peach Growers Ass'n, Inc. v. United States Dept. of Labor,* 489 F.2d 120, 127–28 (5th Cir.1974). Moreover, Vontsteen cannot now claim prejudice, because we requested the parties to specifically brief the appropriate standard of review after we took this case en banc.

### D.

■ Vontsteen argues finally that he should prevail even if we apply a plain error standard of review to his *Pearce* claim.[4] " 'Plain error' is error which, when examined in the context of the entire case, is so obvious and substantial that failure to notice and correct it would affect the fairness, integrity or public reputation of judicial proceedings.... Alternatively stated, when a new factual or legal issue is raised for the first time on appeal, plain error occurs where our failure to consider the question results in 'manifest injustice.' " *United States v. Lopez,* 923 F.2d 47, 50 (5th Cir.1991) (citation omitted). We conclude that the district court's error, if any,

was not "obvious" and cannot constitute plain error.

A second sentence that is harsher than the first is the *"sine qua non"* of a Pearce vindictiveness claim. *Hardwick v. Doolittle,* 558 F.2d 292, 299 (5th Cir.1977). Without such a showing, "there can be no claim at all of vindictiveness upon resentencing." *United States v. Schoenhoff,* 919 F.2d 936, 939 (5th Cir.1990). Here, the district court originally sentenced Vontsteen on all twenty-two counts of conviction to ten years imprisonment plus five years probation; on remand, the court resentenced him to ten years imprisonment on Count 22 alone. Thus, while Vontsteen's sentence on Count 22 increased from five years probation to ten years imprisonment, his overall sentence did not increase. We must determine, then, whether Vontsteen's second sentence is obviously "more severe" than the first under *Pearce.* 395 U.S. at 726, 89 S.Ct. at 2081.

There is some controversy in this and the other circuit courts about how to determine the relative severity of successive multi-count sentences for *Pearce* purposes. The First, Third, Fourth, Seventh, and Ninth Circuits use an "aggregate package" approach, where the courts compare the total original sentence to the total sentence after resentencing. *See United States v. Pimienta–Redondo,* 874 F.2d 9, 15 (1st Cir.) (en banc) (plurality), *cert. denied,* 493 U.S. 890, 110 S.Ct. 233, 107 L.Ed.2d 185 (1989); *Kelly v. Neubert,* 898 F.2d 15, 16 (3d Cir. 1990); *United States v. Busic,* 639 F.2d 940, 951 n. 12 (3d Cir.1981); *United States v. Gray,* 852 F.2d 136, 138 (4th Cir.1988); *United States v. Bay,* 820 F.2d 1511, 1513 (9th Cir.1987); *United States v. Hagler,* 709 F.2d 578 (9th Cir.1983). If the latter is greater than the former, the sentence is deemed "more severe" under *Pearce.* Under this "total aggregate" approach, Vontsteen's second sentence *was not* "more severe"; the district court did not increase Vontsteen's original total sentence of ten

---

4. Rule 52(b) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the [district] court." Fed.R.Crim.P. 52(b).

years imprisonment plus five years probation.

The Second and Eleventh Circuits modify the total aggregate package approach. These courts compare the district court's aggregate sentence on the *non-reversed* counts after appeal with the original sentence imposed on those same counts before appeal. *United States v. Markus*, 603 F.2d 409, 413 (2d Cir.1979); *United States v. Monaco*, 702 F.2d 860, 885 (11th Cir.1983). For example, if a defendant were sentenced on five counts but the appellate court reversed the convictions on three of the counts, these courts would compare the aggregate sentence imposed on only the remaining two counts both before and after resentencing. Under this "remainder aggregate" approach, Vontsteen's second sentence *was* "more severe" because the sentence on the non-reversed counts (in this case, just Count 22) increased from five years probation to ten years imprisonment.

Our own circuit's jurisprudence on the subject is, admittedly, a bit muddled. The en banc court in *United States v. Henry* suggested in dicta that *Pearce* is implicated when a defendant's sentence is increased on even a single count of a multicount conviction at resentencing. 709 F.2d 298, 315, 323 (5th Cir.1983). The panel in *United States v. Cataldo*, 832 F.2d 869, 875 (5th Cir.1987) questioned the *Henry* dicta, but this statement by the *Cataldo* court was itself dicta. In contrast, the panel in *Paul v. United States*, 734 F.2d 1064, 1067 n. 3 (5th Cir.1984), in dicta yet again, advocated the *Henry* approach, without citing *Henry*. In *United States v. Forester*, 874 F.2d 983, 984 (5th Cir.), *cert. denied*, 493 U.S. 920, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989), the court seemed to endorse the total aggregate package approach; this is subject to some doubt, however, because the panel reviewed the claimed *Pearce* error under a plain error standard.

It is unnecessary for us to resolve the conflict in methodologies today, and we decline to do so. We intimate no view as to how we would determine relative sentence severity under *Pearce* should the question be presented for plenary review. Today we apply a plain error standard of review and hold that Vontsteen's sentence on remand was not obviously more severe than his original sentence. It follows that the court did not commit plain error in imposing its second sentence.

### III.

In summary, we conclude that the defendant should have objected when the district court imposed its new sentence at the resentencing hearing. A contemporaneous objection was necessary to preserve the *Pearce* vindictiveness claim for our full review. Because no objection was made, we review the district court's actions only for plain error. We find no plain error here.

Accordingly, we AFFIRM the sentence of the district court.

CLARK, Chief Judge, with whom POLITZ, KING and E. GRADY JOLLY, Circuit Judges, join dissenting:

The text for appellate decision-making in today's case, found in *North Carolina v. Pearce*, states:

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that

the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

[N]either at the time the increased sentence was imposed upon Pearce, nor at any stage in this habeas corpus proceeding, has the State offered any reason or justification for that sentence beyond the naked power to impose it. . . .

(Footnote omitted.) 395 U.S. 711, 725, 726, 89 S.Ct. 2072, 2080, 2081.

### A.

My initial point of difference with the opinion of the majority is its requirement that Vontsteen make a contemporaneous objection at the time he was resentenced in order to avoid plain error review of his appeal of a sentence that, in the words of *Pearce*, could be "unconstitutional" and "vindictive." *Pearce* does not hold that a trial judge is required to speak reasons into the record. Rather, *Pearce* requires no more than that the reason for an increased sentence "must affirmatively appear" either in the remand record or at some stage of collateral review. The majority says that "must" was used in the rule laid down in *Pearce* merely as a "general feature." If it was not used in its compulsory, obligatory connotation—the definition contained in every dictionary—*Pearce*'s holding loses its meaning. Much more than judicial economy or appellate orderliness is implicated. The appearance of justice is the root of *Pearce*. Unless justice can be seen, injustice must be presumed.

As *Pearce* explains, the purpose of an explicit record showing is to free a defendant from the apprehension of retaliatory motivation that otherwise could chill the right to appeal. It is illogical to require a defendant to object to what the sentencing record fails to show. The illogic is reinforced by the fact that *Pearce* would allow the required affirmative showing of reasons to be made on collateral review. No objection at the time of resentencing was necessary.

### B.

The majority apparently agrees that nothing known to this court in the record of Vontsteen's case affirmatively discloses the trial court's reasons for increasing the sentence on Count 22 from five years' probation to a ten-year sentence of imprisonment. It may be that Judge Hittner followed the aggregate-package approach and for that reason sentenced Vontsteen to the ten-year sentence of imprisonment originally imposed only on the 21 reversed counts. We can also speculate he might have imposed the sentence of ten years' imprisonment because that had initially been what he decided was the proper punishment for the Count 22 crime of transporting stolen goods in violation of 18 U.S.C. § 2314.

This court's first opinion which remanded for resentencing expressly left to the trial court's discretion the determination of whether Vontsteen's sentence on Count 22 should be "the same or a lesser or greater sentence than he received originally." 872 F.2d at 632. That opinion did not, however, leave to the trial court the prerogative to impose a greater sentence without the showing required by *Pearce*. Based solely on what the record before us today shows, it is equally possible that the trial judge determined that Vontsteen should not benefit from securing reversal of the sentence he imposed on all but one of the original counts. This sentencing decision would be vindictive and unconstitutional. Such a possibility is the reason *Pearce* requires we assume vindictiveness. This assumption does not cast any aspersion on the trial judge. *Pearce* was written to protect the right of appeal when a record was silent as to reasons. To do so, it requires our review be compelled to presume vindictiveness. An unrebutted presumption requires we overturn the sentence or remand for clarification.

### C.

Albeit for reasons different from those applied by the majority, this resolution does not necessitate a decision of the aggregate sentence count issue. The appearance of vindictiveness is *Pearce*'s turn-

ing point. The record before this court creates that appearance. *Pearce* says our record must affirmatively demonstrate the trial judge's basis for a decision. Because this record does not, there is no basis for resolution of the issue that is now beclouded in our past decisions. Resolution of the aggregate sentence issue would only become necessary to our decision if the record showed the aggregate sentence approach was the basis for increasing the sentence on a single affirmed count.

### D.

It is easy for us to find out why Judge Hittner acted as he did. From a practical standpoint, it is difficult to understand why the court does not choose the simple expedient of sending this case back to the district court for an explanation he can, in all likelihood, readily give.

Because no reason or justification for the sentence imposed, beyond the naked power to impose it, affirmatively appears in the record before us, I respectfully dissent from the affirmance of a sentence that must be presumed to be unconstitutional and vindictive.