United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 28, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 04-41018
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

CESAR CASTILLO-SEGURA,

Defendant-
Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-264-1
-------------------------------------------------------------

Before BARKSDALE, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Cesar Castillo-Segura (Castillo) appeals his conviction and the sentence he received after he

pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. Castillo argues that the "felony" and

"aggravated felony" provisions in 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of

*Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

---

[*]
  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Castillo's argument concerning the constitutionality of 8 U.S.C. § 1326(b) is, as he concedes, foreclosed. *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *United States v. Izaguirre-Flores*, 405 F.3d 270, 277-78 (5th Cir. 2005), *cert. denied*, ___ S. Ct. ___, 2005 WL 786638 (Oct. 3, 2005) (No. 05-5469). To the extent that Castillo relies on *United States v. Booker*, 125 S. Ct. 738 (2005), to support this argument, nothing in the Supreme Court's *Booker* decision affected the validity of 8 U.S.C. § 1326(b) and *Almendarez-Torres*. *See Booker*, 125 S. Ct. at 756.

Castillo also argues that the district court erred by imposing a sentence pursuant to the mandatory federal sentencing guideline system that was held unconstitutional in *Booker*. Castillo argues that, because he argued in the district court that *Blakely* applied to the Guidelines, this court reviews his *Booker* argument de novo. The Government agrees.

This court, not the parties, determines the proper standard of review. *See United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992). We need not decide here whether Castillo's objection preserved the claim for review because Castillo has shown plain error. Because the district court erred in sentencing Castillo pursuant to a mandatory guidelines scheme, he meets the first two requirements for relief under a plain-error analysis. *See United States v. Olano*, 507 U.S. 725, 731-37 (1993); *United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir. 2005), *cert. denied*, ___ S. Ct. ___, 2005 WL 1811485 (Oct. 3, 2005) (No. 05-5556). Castillo has also shown that the error affected his substantial rights by "point[ing] to statements in the record by the sentencing judge demonstrating a likelihood that the judge sentencing under an advisory scheme rather than a mandatory one would have reached a significantly different result." *United States v. Pennell*, 409 F.3d 240, 245 (5th Cir. 2005); *United States v. Mares*, 402 F.3d 511, 517-18, 521 (5th Cir. 2005), *cert. denied*, ___ S. Ct. ___ (Oct. 3, 2005) (No. 04-9517).

Accordingly, Castillo's conviction under 8 U.S.C. § 1326 is AFFIRMED; his sentence, however, is VACATED, and the case is REMANDED for further proceedings.

AFFIRMED IN PART; VACATED IN PART; REMANDED.