United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-11098
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER KEITH COLVIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-381-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Christopher Keith Colvin appeals the sentence imposed following the revocation of his supervised release following his conviction for possession of a firearm by a convicted felon. For the first time on appeal, he argues that the district court erred by imposing a sentence outside the guidelines sentence range without explicitly referencing the sentencing factors set forth in 18 U.S.C. § 3553(a). He maintains that explicit reference to the sentencing factors enumerated in § 3553(a) was required by this court in United States v. Mares, 402 F.3d 511, 519 (5th Cir.),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cert. denied, 126 S. Ct. 43 (2005). He asserts that Mares is applicable to this case because sentences imposed upon the revocation of supervised release should be reviewed for reasonableness following United States v. Booker, 543 U.S. 220 (2005). Because Colvin did not raise this issue below, we review for plain error. See United States v. Vontsteen, 950 F.2d 1086, 1091, 1093 (5th Cir. 1992).

Assuming arguendo that the Booker reasonableness standard applies to sentences imposed following the revocation of supervised release, the district court was still not required to "engage in robotic incantations that each statutory factor [had] been considered." United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006) (internal quotation marks omitted). The district court gave a fact-specific reason for the sentence it imposed that was consistent with the sentencing factors contained in § 3553(a), and this was sufficient. See id. Accordingly, the district court did not commit error, plain or otherwise, by not explicitly referencing the sentencing factors set forth in § 3553(a).

To the extent that Colvin argues that the sentence imposed was unreasonable or plainly unreasonable, he has failed to properly brief the issue and, therefore, waived it. See Trevino v. Johnson, 168 F.3d 173, 181 n.3 (5th Cir. 1999).

AFFIRMED.