United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51357
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WILLIE DAVID MYLES

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:96-CR-211-1
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Willie David Myles appeals the sentences imposed following
the revocation of his supervised release terms following his
convictions for distribution of cocaine.  He argues that the
district court erred by imposing a sentence outside the
guidelines sentence range and that the district court erred in
not explicitly referencing the sentencing factors set forth in
18 U.S.C. § 3553(a).

Before United States v. Booker, 543 U.S. 220 (2005), we
reviewed a sentence imposed upon revocation of supervised release

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to determine whether it violated the law or was plainly unreasonable.  See United States v. Gonzalez, 250 F.3d 923, 925 (5th Cir. 2001).  Also before Booker, if, like Myles, a defendant argued that the district court failed to consider the § 3553(a) factors for the first time on appeal, we reviewed that issue for plain error.  See United States v. Vonsteen, 950 F.2d 1086, 1091, 1093 (5th Cir. 1992).  After Booker, it is unclear whether the same standards apply or if we instead review a revocation sentence only for "unreasonableness".  United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 126 S. Ct. 1804 (2006).  Similar to Hinson, we need not decide the standard-of-review issues presented by this appeal because Myles's sentences are proper under any standard.  Id.

The 21-month terms of imprisonment imposed upon revocation of Myles's supervised release did not exceed the statutory maximum terms of imprisonment that the district court could have imposed.  See 18 U.S.C. § 3583(e)(3).  Moreover, the 21-month sentences were within the guidelines range recommended by U.S.S.G. § 7B1.4(a).  The district court had the authority and discretion to impose consecutive sentences upon revocation of Myles's concurrent terms of supervised release.  See United States v. Gonzalez, 250 F.3d 923, 925-29 (5th Cir. 2001).

The district court explicitly stated that the ends of justice and the best interest of the public would not be served if Myles continued on supervised release.  Moreover, because the

sentences imposed upon revocation of the supervised release terms were within the applicable advisory guidelines ranges, it is inferred that the district court considered all of the § 3553(a) factors.  See United States v. Candia, 454 F.3d 468, 472-73 (5th Cir. 2006).  Accordingly, because Myles has not shown error with respect to his sentences, the judgment of the district court is AFFIRMED.