IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2007

Charles R. Fulbruge III
Clerk

No. 07-50015
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES WILLIAM GROSS

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas, Waco Division
USDC No. 6:06-cr-00084-WSS-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a sentence following a guilty plea for conspiracy to manufacture methamphetamine and attempt to manufacture methamphetamine. The issue raised in this appeal is whether the district court erred in attributing 1,500 grams of methamphetamine to Appellant for

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing purposes. Because Appellant did not raise this issue before the district court, he failed to preserve it for appeal; therefore, "plain error" review applies. We find no plain error in the district court's sentence, and we affirm.

I.

Appellant in the instant case pleaded guilty to conspiracy to manufacture methamphetamine and attempted manufacture of methamphetamine. The pre-sentencing report (PSR) reflected, based on former confederate Jason Burt's[1] testimony, that Appellant should be held accountable for 2,358 grams of methamphetamine, resulting in a base offense level of 38. After adding two levels because Appellant possessed a firearm, two additional levels based on the involvement of improper and potentially hazardous storage of anhydrous ammonia, and a three level reduction for acceptance of responsibility, Appellant's total offense level was 39. Appellant was assessed one criminal history point, giving him a criminal history category of I. The guideline range was calculated to be 262 to 327 months, in excess of the statutory maximum of 240 months.

Appellant objected to the PSR calculations. His objection was based on the arguments that Burt's testimony, on which the PSR was largely based, was unreliable and that he should only be accountable for one of the following

---

[1] Jason Burt is Appellant's brother-in-law who previously supplied Appellant with pseudoephedrine pills from which he manufactured methamphetamine. Based the amounts of pills he supplied to Appellant, Burt testified to the amounts Appellant claimed he could produce from them.

quantities of methamphetamine: the amount he admitted to manufacturing (as much as 750 grams), the amount that Burt received from Appellant in exchange for providing the pills from which Appellant manufactured the methamphetamine (one quarter ounce per week for 52 weeks which equals approximately 368 grams), or the amount found at his residence when it was searched (1.68 grams). As such, Appellant argued for a base offense level of 29 – 32. In ruling on Appellant's objection, the district court explained that it was not convinced that Burt's statements as to the quantities produced by Appellant (approximately 2,800 grams) were accurate. The court, as such, reduced the amount attributable to appellant to 1,500 grams. This reduction resulted in a base offense level of 34, which, after the additions and reductions listed above, yielded a total offense level of 35. When combined with a criminal history level of I, the applicable sentencing range was 168 to 210 months. The district court sentenced Appellant to 210 months which was 30 months less than the statutory maximum. Appellant did not object to the district court's drug quantity estimation or the lack of articulated reasons for such estimation. After announcing Appellant's sentence, the court asked Gross's counsel whether he knew of any legal reason why the sentence should not be imposed. Counsel replied in the negative.

Appellant now timely appeals arguing for the first time that the district court's drug quantity estimate of 1,500 grams was not reliable because it was not

based on the facts and was merely a guess or estimate. Appellant contends that the district court gave no reasons why the court thought its estimate was reliable or the basis for such a figure. Additionally, Appellant argues, also for the first time, that a more reasonable approach would have been to use Burt's testimony regarding what amount Burt understood Appellant to be capable of producing (approximately 1,100 grams), not the amount Burt testified that appellant claims he produced and on which the PSR based its calculations.

## II.

The preliminary issue in this case is whether the issues appellant now raises were preserved for appeal. Although the parties both assert that the "clearly erroneous" standard of review applies, this Court determines the proper standard of review regardless of the standard asserted by the parties. U.S. v. Vontsteen, 950 F.2d 1086, 1091 (5th Cir. 1992). To preserve a contention for appeal, a party "must object with 'sufficient specificity' to allow the trial court to address the issue." U.S. v. Burton, 126 F.3d 666, 673 (5th Cir. 1997) (quoting U.S. v. Maldonado, 42 F.3d 906, 912 (5th Cir. 1995)). If an appellant's contentions were not preserved for appeal, then the "plain error" standard applies. See U.S. v. Fierro, 38 F.3d 761, 773 n.4 (5th Cir. 1994); U.S. v. Sparks, 2 F.3d 574, 589 (5th Cir. 1993).

## III.

Although Appellant objected in the district court regarding the PSR's drug quantity calculation of 2,358 grams and argued he should only be accountable for one of the following: the amount he admitted manufacturing, the amount he gave to Burt, or the amount seized from his home (750 grams, 350 grams, or 1.68 grams, respectively), he did not argue, as he does on appeal, that the calculation should have been based upon Burt's testimony regarding the amount of methamphetamine he understood appellant could produce from the pills Burt supplied to him (approximately 1,100 grams). Moreover, Appellant did not object to the district court's conclusion that he was responsible for at least 1,500 grams of methamphetamine.

With regard to the appropriate standard of review in this case, prior rulings of this court are instructive. In U.S. v. Hernandez-Martinez, we held that where a defendant could have objected to the sentence imposed at sentencing, the court could have easily clarified or corrected itself; however, because the court was not on notice of the arguments defendant presented on appeal, the court was not given such opportunity and so plain error review applied. 485 F.3d 270, 273 (5th Cir. 2007). Additionally, in U.S. v. Fierro, we explained that where a defendant only objected at sentencing to the PSI's determination that he was responsible for 178 kilograms, and defendant had 88 kilograms of cocaine attributed to him by the court, his challenge to the 88 kilograms amount for the first time on appeal was not preserved since it was not

raised in the district court. 38 F.3d at 761; see also Sparks, 2 F.3d at 589 (holding that where defendant failed to raise the objection that the district court improperly held him accountable for an excessive quantity of drugs, he could not raise it on appeal, absent plain error). Because Appellant did not adequately preserve these issues for appeal, plain error review applies.

A showing of "plain error" must demonstrate the following: "(1) there must be an error; (2) the error must be clear, obvious, or readily apparent; and (3) this obvious legal error must affect substantial rights." U.S. v. Vital, 68 F.3d 114, 119 (5th Cir. 1995). "If those criteria are met, we have the discretion to correct the forfeited error but should do so only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." U.S. v. Reyna, 358 F.3d 344, 350 (5th Cir. 2004) (internal quotations omitted). However, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error." Id. (internal quotations and citations omitted). Because clarification of the factual basis for district court's calculation could easily have been developed at sentencing, Gross cannot meet the plain error standard of review. The sentence imposed by the district court, therefore, does not constitute plain error.

IV.

Accordingly, the sentence is affirmed.