# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50866
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RODNEY WHITWORTH,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CR-49

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rodney Whitworth challenges the 120-month sentence imposed for his guilty-plea conviction for aiding and abetting the possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i).  He contends his sentence is procedurally and substantively unreasonable because the court based it on erroneous facts.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50866

Although post-*Booker*, the Sentencing Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Although the parties agree plain-error review applies, the court, not the parties, determines the appropriate standard of review. *E.g., United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc). Even though Whitworth raises his claims for the first time on appeal, they are reviewed under the ordinary standard of review because he did not have a prior opportunity to object to the facts stated in the court's written statement of reasons. *Cf. United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (per curiam) (applying the ordinary standard of review to a challenge to a written condition of supervised release because the defendant did not have a prior opportunity to object).

It is procedural error to "select[] a sentence based on clearly erroneous facts". *Gall*, 552 U.S. at 51. Procedural errors are, however, subject to harmless-error review. *E.g., United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009) (internal quotations marks and citations omitted) ("A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed." (internal quotation marks omitted)).

The court erred in stating a firearm and two silencers, which qualified for higher mandatory penalties, were discovered during the search of

No. 14-50866

Whitworth's home.  Rather, Whitworth sold the only qualifying firearm and silencer to an undercover agent.  Nonetheless, the record demonstrates the court would have imposed the same sentence, notwithstanding these misstatements.  The district court varied upwards from the Guidelines-sentencing range to account for the seriousness of Whitworth's conduct in possessing the kind of firearm that would have subjected him to higher mandatory minimum statutory penalties; the uncontested record reflects Whitworth possessed a firearm that would have subjected him to these higher penalties.  Accordingly, any procedural error was harmless.  *E.g., id.*

Regarding the substantive reasonableness of the sentence, the court did not place great weight on its erroneous belief that Whitworth possessed multiple silencers.  Rather, it properly gave weight to Whitworth's possessing the kind of firearm that would have subjected him to higher mandatory minimum penalties and his sales of methamphetamine to an undercover agent.

AFFIRMED.