# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40206
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2015

Lyle W. Cayce
Clerk

MADHAVAN PISHARODI,

　　　　Plaintiff - Appellant

v.

COLUMBIA VALLEY HEALTHCARE SYSTEM, L.P., doing business as
Valley Regional Medical Center; NISAR HUSSAIN; LUIS GAITAN,

　　　　Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC: 1:14-CV-4

Before DAVIS, JONES and GRAVES, Circuit Judges.

PER CURIAM:*

　　On January 6, 2014, Dr. Madhavan Pisharodi sued Columbia Valley Healthcare System, L.P., alleging, *inter alia*, a violation of the Sherman Act, 15 U.S.C. § 1. In response to Columbia Valley's motion to dismiss, Pisharodi filed an amended complaint. The district court dismissed Pisharodi's amended complaint anyway, finding its allegations of antitrust injury insufficient. In a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40206

separate order, the district court denied leave to amend the complaint because amendment would be futile. The only issue in this appeal is whether the order denying leave to amend was proper.[1] Finding no reversible error of fact or law, we AFFIRM for essentially the reasons stated by the district court.

"Where, as here, the district court's denial of leave to amend was based solely on futility, we apply a *de novo* standard of review identical, in practice, to the standard used for reviewing dismissal under Rule 12(b)(6)."[2] *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010). Accordingly, an amendment is futile if it "would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000). To state a claim under § 1 of the Sherman Act, a plaintiff must show, among other things, "that the practice 'actually had an adverse effect on competition.'" *Benson v. St. Joseph Reg'l Health Cntr.*, 575 F.3d 542, 549 (5th Cir. 2009) (quoting *Tunica Web Adver. v. Tunica Casino Operators Ass'n*, 496 F.3d 403, 412 (5th Cir. 2007)).

Pisharodi's factual allegations do not show any adverse effect on competition. No facts support his allegation that Columbia Valley's actions have increased the price or decreased the supply of neurological services in Cameron County, Texas. Moreover, the facts he does allege tend to undermine any such conclusion. Pisharodi owns part of a competing hospital in the area where he continues to perform neurological procedures. Pisharodi's complaint asserts that his fees are lower than his competitors', in part because he uses

---

[1] Dr. Pisharodi also requests that, if the federal Sherman Act claim is reinstated, the trial court should retain supplemental jurisdiction over his breach of contract claim, which was not dismissed. Our disposition renders this request moot.

[2] Both parties urge this court to apply an abuse of discretion standard. But when both parties suggest the wrong standard, as they have done here, this court can and should apply the correct standard. *United States v. Vonsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc). Accordingly, we review the district court's decision *de novo*.

No. 15-40206

less expensive implants. Given only these facts, we cannot reasonably infer an adverse change in the local price or supply of neurological services. Accordingly, as the district court concluded, Pisharodi has failed to plead an antitrust injury and we AFFIRM.