# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10172
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTY LEE PARTON, also known as Christy Lee Fitzgerald,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-169-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Christy Lee Parton contests the sentence imposed following her guilty-plea conviction of conspiracy to possess, with intent to distribute, a controlled substance (methamphetamine), in violation of 21 U.S.C. § 846. For an advisory Sentencing Guidelines range of 188 to 235 months' imprisonment, Parton was sentenced, *inter alia*, to 144-months' imprisonment. In doing so, the district court granted a two-level downward departure pursuant to Guideline § 5K1.1

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-10172

(substantial assistance to authorities), and a seven-month downward variance. Parton contends the below-Guidelines sentence is procedurally (court's explanation of sentence) and substantively (length of sentence) unreasonable.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As noted, the claimed procedural error involves the court's explanation of Parton's sentence. We, not the parties, determine our standard of review. *E.g.*, *United States v. Davis*, 380 F.3d 821, 827 (5th Cir. 2004). But, of course, the parties' contentions about that standard are considered in determining the correct one. *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992). The Government asserts the plain-error standard of review applies. Parton, however, asserts the error is the claimed inconsistency between the court's explanation, at sentencing, of her sentence and the written statement of reasons, and subject to *de novo* review.

To the extent Parton is claiming an inconsistency between the court's explanation at sentencing and its written statement of reasons, and even applying a *de novo* standard of review, there is no inconsistency between the court's oral explanation and the written statement of reasons. At sentencing, the court identified the information it considered when selecting the sentence,

including the parties' contentions, and stated that, based on the admissions contained in the factual basis and Parton's lengthy criminal history, the sentence imposed was appropriate because it provided an adequate measure of deterrent and just punishment.  Similarly, the court's written statement of reasons provided for the downward departure and variance pursuant to the Government's Guideline § 5K1.1 motion and Parton's request.  The statement of reasons explained:  the sentence was determined after considering Parton's history and characteristics and the nature and circumstances of the offense, and reflected the seriousness of the offense, promoted respect for the law, provided just punishment for the offense, and afforded adequate deterrence to criminal conduct.

To the extent Parton is challenging the court's explanation, at sentencing, of the sentence, review is only for plain error because she did not then object to the adequacy of the explanation.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Parton must show a forfeited plain (clear or obvious) error that affected her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

"The district court must adequately explain the sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (internal quotation marks and citation omitted).  In doing so, the sentencing judge is required, *inter alia*, to "satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for

exercising [its] own legal decisionmaking authority". *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted).

As discussed *supra*, both the court's oral explanation and its written statement of reasons demonstrate the court, as required, considered the parties' contentions and had a reasoned basis for imposing the sentence. *Id.* Therefore, Parton has not shown the requisite clear or obvious error in the court's explanation of Parton's sentence.

Parton objected in district court to the reasonableness of the 144-month sentence. Accordingly, her claim the sentence is substantively unreasonable is reviewed for abuse of discretion. *See Gall*, 552 U.S. at 51.

Despite her assertion to the contrary, Parton's contention that her sentence is substantively unreasonable constitutes no more than a mere disagreement with the district court's balancing of the sentencing factors set forth in 18 U.S.C. § 3553(a). We cannot reweigh those factors. *Gall*, 552 U.S. at 51.

AFFIRMED.