IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 16, 2008

Charles R. Fulbruge III
Clerk

No. 07-40949

———————

ROSEMARY MCCULLOUGH

Plaintiff - Appellant

v.

HOUSTON COUNTY TEXAS; DAVID CERVANTES, Individually and In His
Official Capacity as Houston County District Attorney

Defendants - Appellees

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CV-21-TH

———————

Before JOLLY, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rosemary McCullough sued Houston County, Texas and David Cervantes (individually and in his official capacity as Houston County District Attorney) (collectively "Appellees") for racial and age discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (2003), 42 U.S.C. § 1983, and the Age Discrimination in Employment Act, 29

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. §§ 621-634 (2006) ("ADEA").[1]  The district court granted Appellees' motions for summary judgment on all of McCullough's claims.  McCullough challenges these rulings on appeal.  We hold that McCullough did not suffer an adverse employment action.  Therefore, she has failed to state a prima facie case of discrimination.  We further hold that McCullough has presented no evidence that Houston County's legitimate, nondiscriminatory reasons for reducing her work responsibilities and terminating her from the District Clerk's Office are pretextual.  Accordingly, we AFFIRM the district court's dismissal of McCullough's discrimination and retaliation claims.

## I.  BACKGROUND

Houston County District Attorney ("DA") Cindy Maria Garner hired McCullough as a Grand Jury Clerk in March 2003.  At that time, McCullough was one of four clerical employees in the DA's Office and the only African-American.  The other employees' names were Patti, Janet, and Lisa.

On November 2, 2004, David Cervantes defeated Garner in an election for DA.  On November 3, 2004, Garner wrote to Cervantes in an e-mail that her "first order of business" was to meet with her staff and talk with them about their future with the DA's Office.  In the e-mail, Garner listed the names of her staff members and their respective positions.  Cervantes responded that he was not planning on making any major personnel changes.  Notwithstanding Cervantes's plans, McCullough told her co-workers that she did not want to work for Cervantes.

On November 28, 2004, Cervantes sent a fax to the DA's office asking Patti, Janet, and Lisa to call him and set up a time to discuss whether they

---

[1] To be clear, section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  Thus, McCullough apparently seeks to use § 1983 as a method for vindicating federal rights conferred to her under Title VII and the ADEA.

wanted to work for him. Cervantes did not address the fax to McCullough. He did not think McCullough would want to work for him in light of the way she had treated him before he was elected.[2] McCullough took Cervantes's fax to mean that he would not interview her for a position. At some point before her last day of employment with the DA's Office, McCullough accepted a part-time position with the Houston County District Clerk's Office.

On November 29, 2004, Garner sent each of her four clerical employees a "lay off letter" stating that the DA's office was "down-sizing" and their last paid day would be December 31, 2004. Garner did not actually intend to lay off anyone; she intended to help her employees obtain unemployment benefits if they chose not to continue employment with Cervantes. These letters were never made a part of the employees' official files. Cervantes was not aware that Garner had "laid off" her four clerical employees until after he took office.

On January 1, 2005, Cervantes was sworn in as the Houston County DA. Cervantes understood that all of the employees in the DA's Office would keep their positions despite the change in leadership, and while he could make employment changes as he saw fit, he could do so only after being sworn into office.

Cervantes's first day of work as the new DA was January 3, 2005. McCullough did not come to work that day or call in sick. Cervantes sent a letter to Houston County Treasurer Dianne Rhone, the county employee responsible for personnel matters, asking whether McCullough had resigned. Rhone told Cervantes that McCullough had started work that day with the Houston County District Clerk's Office. Although clerical openings became

---

[2] In an affidavit submitted to the district court, Lisa said that she had witnessed McCullough in the past act discourteously toward Cervantes. Specifically, McCullough told Lisa about one time when McCullough shut the door on Cervantes.

available during Cervantes's tenure, McCullough never reapplied to the DA's Office.

McCullough's duties at the District Clerk's Office included answering the phone, assisting customers, and filing.  On June 1, 2005, Carolyn Rains became the District Clerk.  Two months later, on August 3, 2005, McCullough filed a charge of discrimination with the Equal Employment Opportunity Commission, claiming she was discharged from the DA's Office based on her race and her age, and in retaliation for exercising her First Amendment rights.  McCullough alleged that she received a letter from Garner on November 29, 2004, notifying her that she would be "down-sized" and that her employment with the DA's Office would cease after December 31, 2004.  McCullough has not alleged any discriminatory conduct or motivation on the part of Garner.  Instead, she acknowledged in her deposition that the purpose of Garner's letter was to help McCullough secure unemployment benefits if she did not continue to work in the DA's Office after Garner left office.

On January 20, 2006, McCullough filed suit in the district court pursuant to § 1983, alleging (1) that Houston County discriminated against McCullough based on her age and race in violation of Title VII, the ADEA, and 42 U.S.C. § 1983; and (2) that Houston County retaliated against McCullough for exercising her First Amendment rights.[3]  McCullough based her discrimination claims on Cervantes's terminating her from, or alternatively Cervantes's failure to rehire her at, the DA's Office.

Meanwhile, McCullough continued her employment with the District Clerk's Office.  On January 27, 2006, Rains assigned McCullough the responsibilities of  coordinating administrative activities for Judge Fletcher in the 349th Judicial District Court.  McCullough's suit against Houston County

---

[3] McCullough abandoned this claim in the district court.

4

was still moving forward, and on April 28, 2006, McCullough gave deposition testimony. On May 9, 2006, Judge Fletcher complained about McCullough's performance and requested that Rains reassign McCullough. Immediately thereafter, Rains returned McCullough to answering phones, filing, helping people that entered the District Clerk's Office, and shredding.

On July 17, 2006, McCullough faxed a physician's note to the District Clerk's Office indicating that she would not be at work for four weeks due to unspecified medical reasons. McCullough did not address the matter directly with Rains. On July 21, 2006, Rains hired two part-time summer employees. On July 26, 2006, Rains sent McCullough a letter detailing Houston County leave policy. She reminded McCullough that, as a part-time employee, she did not qualify for leave under the Family and Medical Leave Act, sick leave, or vacation. Rains also forwarded McCullough a copy of the Houston County employment manual. McCullough never responded.

On August 18, 2006, McCullough sent Rains another physician's note with the apparent intent of extending her time off work for an additional four weeks. Given McCullough's prolonged absence unaccompanied by much in the way of an explanation, Rains assumed McCullough would not be returning to work. Consequently, Rains committed to provide another one of the part-time summer employees twenty hours of work per week during the fall.

On September 8, 2006, McCullough participated in mediation for her suit against Houston County, which resulted in McCullough and Houston County coming to an impasse. Later that day, McCullough contacted Rains for the first time about coming back to work, asking if she could start back on September 11, 2006. While Rains knew about the lawsuit generally, she did not keep up-to-date on specific proceedings, including the mediation. Rains allowed McCullough to work sporadically through September and October, but on October 12, 2006, Rains fired McCullough from the District Clerk's Office.

On December 22, 2006, McCullough amended her federal lawsuit against Houston County to add an additional cause of action for retaliation arising out of her termination from the District Clerk's Office.[4] McCullough claimed that she was terminated for pursuing her discrimination lawsuit against Cervantes and Houston County.

Appellees filed two motions for summary judgment, one pertaining to McCullough's discrimination claims and the other pertaining to McCullough's retaliation claims. The district court granted summary judgment for Appellees on McCullough's discrimination claims, holding that McCullough failed to establish a prima facie case of discrimination. The district court found that Cervantes's fax, which excluded McCullough from an invitation to interview, did not constitute an adverse employment action. The district court emphasized the following facts: (1) Garner, not Cervantes, gave the lay off letter to McCullough; (2) before Cervantes took office, no one other than Garner had the authority to terminate McCullough; (3) McCullough's continued employment with the DA's Office was not contingent on interviewing with Cervantes; and (4) McCullough never sought employment with Cervantes after he began his tenure.

In a separate memorandum opinion and order, the district court likewise granted summary judgment in favor of Appellees on McCullough's retaliation claims. The district court held that McCullough had not established a prima facie case of retaliation because she failed to show a causal connection between her termination from the Houston County Clerk's Office and her protected activity. The district court alternatively held that Houston County had articulated a legitimate, nondiscriminatory reason for terminating McCullough from the District Clerk's Office, and McCullough had not rebutted Houston

---

[4] McCullough's retaliation claim only pertained to Houston County; this was not a claim against Cervantes in his individual or official capacity.

County's proffered reasons by demonstrating pretext. McCullough appeals from both of the district court's orders.

## II. DISCUSSION

We review de novo a district court's grant of summary judgment. Travelers Cas. & Sur. Co. of Am. v. Baptist Health Sys., 313 F.3d 295, 297 (5th Cir. 2002). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.; see also FED. R. CIV. P. 56(c). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). We resolve all reasonable doubts in favor of the nonmoving party. General Elec. Co. v. Joiner, 522 U.S. 136, 143 (1997).

## A. Discrimination Claims

McCullough argues that she suffered an adverse employment action when Cervantes sent the fax inviting her white, younger co-workers to interview with him while excluding her from the invitation. According to McCullough, the fact that Cervantes had not yet officially been sworn into office when he sent the fax was "of little moment" because Cervantes was the "actual decisionmaker" as the newly-elected DA. McCullough contends that by sending the fax, Cervantes effectively terminated her, or alternatively, failed to rehire her. Under her failure to rehire theory, McCullough contends that not applying for a job with Cervantes does not preclude her claim because such efforts would have been futile.

Houston County responds that Cervantes did not cause McCullough to suffer an adverse employment action. Houston County emphasizes that it was Garner, not Cervantes, who "laid off" McCullough. Cervantes was never

McCullough's employer, nor did he ever have the authority to terminate her.[5]

Employment discrimination claims may be established either through direct or circumstantial evidence. Laxton v. Gap, Inc., 333 F.3d 572, 578 (5th Cir. 2003). Absent direct evidence, we apply the burden-shifting framework articulated by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Russell v. McKinney Hosp. Venture, 235 F.3d 219, 222 (5th Cir. 2000).[6]

Under the McDonnell framework, the plaintiff has the initial burden of establishing a prima facie case of discrimination. McDonnell, 411 U.S. at 802. Where the alleged discriminaiton resulted in a failure to rehire, a prima facie case requires the plaintiff to show that: (1) she is a member of a protected class; (2) she sought and was qualified for an available employment position; (3) she was rejected for that position; and (4) the employer continued to seek applicants with the plaintiff's qualifications. LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 (5th Cir. 1996). Where the alleged discrimination resulted in termination, a prima facie case requires the plaintiff to show that: "'(1) [she] is a member of a protected class; (2) [she] was qualified for her position; (3) [she] was subject to an adverse employment action; and (4) [she] was replaced by someone outside the protected class,' or, in the case of disparate treatment, . . . 'that others similarly situated were treated more favorably.'" Okoye v. Univ. of Tex. Houston Health Sci. Ctr., 245 F.3d 507, 512-13 (5th Cir. 2001) (quoting Shackelford v.

---

[5] Under Texas law, the failure to keep an employee when there is a change in administration is considered a dismissal. County of Dallas v. Wiland, 216 S.W.3d 344, 354 (Tex. 2007). However, in Wiland, the new officeholder, Constable Dupree, sent a letter to the plaintiffs after he took office stating that he would not rehire them. He also refused to swear them in when they appeared at the office. Unlike Cervantes here, Dupree took affirmative steps after taking office that the Court found constituted a dismissal.

[6] McCullough's pleadings under § 1983 do not alter this analysis. McDonnell, 411 U.S. at 802-07 (dealing with Title VII claims); Russell, 235 F.3d at 222 (applying McDonnell to ADEA claims); Lawrence v. Univ. of Tex. Medical Branch at Galveston, 163 F.3d 309, 311 (5th Cir. 1999) (applying McDonnell to claims brought under § 1983).

Deloitte & Touche, LLP, 190 F.3d 398, 404 (5th Cir. 1999)). For purposes of a Title VII discrimination claim, "'adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating.'" McCoy v. City of Shreveport, 492 F.3d 551, 559 (5th Cir. 2007) (quoting Green v. Adm'rs of Tulane Educ. Fund, 284 F.3d 642, 657 (5th Cir. 2002)). Although "adverse employment action" is defined more broadly under § 1983 than it is under Title VII, its definition likewise includes discharges and refusals to hire. Southard v. Tex. Bd. of Criminal Justice, 114 F.3d 539, 555 (5th Cir. 1997).

We hold that McCullough has failed to make a prima facie case of discrimination. We easily dispose of McCullough's claim that Cervantes's fax failed to rehire her. To establish a prima facie case of discrimination where the alleged adverse employment action is failure to rehire, the plaintiff must have actually sought the position she alleged to have been denied. LaPierre, 86 F.3d at 448. McCullough concedes that she neither applied for nor was interested in a position with the DA's office during Cervantes's tenure. McCullough justifies her failure to apply by arguing that any attempts on her part to obtain employment from Cervantes would have been futile. McCullough's reliance on the "futile gesture doctrine" is misplaced as this circuit "requires a showing that the applicant . . . was deterred by a known and consistently enforced policy of discrimination." Shackelford, 190 F.3d at 406 (emphasis added). McCullough has offered no evidence whatsoever to the effect that Cervantes had a known and consistently enforced policy of discriminating based on either age or race.

Nor has McCullough demonstrated to this court that Cervantes's fax effectively terminated her from the DA's Office. Notwithstanding McCullough's allegations to the contrary, Cervantes's fax did not "decline[ ] to allow" McCullough to interview. Cervantes simply sent a fax to Garner's office inviting McCullough's co-workers to meet with him, which is not the logical equivalent

of declining to interview McCullough. Even if Cervantes had "declined to allow" McCullough to interview, it is uncontroverted that Cervantes had no actual authority to terminate or hire anyone until he was sworn into office on January 1, 2005. It was McCullough who sought different employment prior to January 1, 2005, and it was McCullough who failed to show up for work on January 3, 2005 when Cervantes took office.

At bottom, Cervantes never had the opportunity either to fail to rehire or to terminate McCullough because she never gave him the opportunity. Thus, because McCullough has not satisfied her initial burden of establishing a prima facie case, our analysis under the McDonnell framework of McCullough's discrimination claims ends here.

## B. Retaliation Claims

In addition to her discrimination claims, McCullough also alleges that she was terminated from the District Clerk's Office in retaliation for pursuing her claims against Houston County arising out of her separation from the DA's Office. McCullough contends that her "work situation" deteriorated immediately after she gave her deposition in her case against Houston County, that the Monday following mediation of her case she was told there was no work left for her to do, and that Rains ultimately terminated her within one month of her mediation. These facts, according to McCullough, establish a causal link between her suit against Houston County and her termination from the District Clerk's Office.

Houston County argues that no causal connection exists between McCullough's lawsuit and the adverse employment actions taken against her, and that McCullough failed to present any evidence to the contrary. According to Houston County, Rains reduced McCullough's responsibilities to no longer include working with Judge Fletcher because Judge Fletcher said McCullough was incapable and requested that she be reassigned. Houston County further

contends that McCullough was terminated for the simple reason that she took eight weeks of unapproved medical leave.

Like discrimination claims, we analyze retaliation claims using the McDonnell framework. McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007). Thus, the plaintiff has the initial burden of establishing a prima facie case. Id. To establish a prima facie case of retaliation, the plaintiff must show that: (1) she engaged in a protected activity; (2) she suffered an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action. Id. at 556-57. The Supreme Court recently clarified in Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006), that for purposes of Title VII, an "adverse employment action" is defined differently in the retaliation context than it is in the discrimination context. Id. at 68. In the retaliation context, it is an action that "a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. (internal quotations omitted). The causal link required by the third prong does not rise to the level of a "but for" standard at the prima facie stage. Gee v. Principi, 289 F.3d 342, 345 (5th Cir. 2002). "Close timing between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a prima facie case of retaliation." Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997); see, e.g., Richard v. Cingular Wireless LLC, 233 F. App'x 334, 338 (5th Cir. 2007) (concluding that two and one half months is a short enough time period to support an inference of a causal link); Raggs v. Miss. Power & Light Co., 278 F.3d 463, 471-72 (5th Cir. 2002) (holding that a five-month lapse, by itself, does not support an inference of a causal link).

Assuming the plaintiff establishes a prima facie case, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its

actions. McCoy, 492 F.3d at 557. If the employer articulates a legitimate nondiscriminatory reason, then "any presumption of discrimination raised by the plaintiff's prima facie case vanishes." Septimus v. Univ. of Houston, 399 F.3d 601, 609 (5th Cir. 2005).

In the final stage of the McDonnell framework, the plaintiff bears the ultimate burden of demonstrating a genuine issue of material fact as to whether the employer's proffered reason is a pretext for a retaliatory purpose. See McCoy, 492 F.3d at 557. The plaintiff must show that "the adverse employment action taken against the plaintiff would not have occurred 'but for' her protected conduct." Septimus, 399 F.3d at 608.[7] This court has expressly rejected the notion that temporal proximity standing alone is sufficient to establish but-for causation. Strong v. Univ. Healthcare Sys., 482 F.3d 802, 808 (5th Cir. 2007).

McCullough fails to point to any evidence that the District Clerk's actions were coordinated with or show a cognizance of what was happening in McCullough's lawsuit arising out of her separation from the DA's Office. However, even assuming arguendo that McCullough has established a prima facie case of retaliation, we nonetheless affirm the district court's grant of summary judgment. See BMG Music v. Martinez, 74 F.3d 87, 89 (5th Cir. 1996) ("This Court can affirm the district court's decision based on any legally

---

[7] In order to satisfy his/her ultimate burden under the McDonnell burden-shifting framework, it is now established that in Title VII discrimination cases, "a plaintiff need only meet the 'motivating factor' standard even if the plaintiff is adducing only circumstantial evidence." Campbell v. England, 234 F. App'x 183, 186 n.4 (citing Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003); Rachid v. Jack In The Box, Inc., 376 F.3d 305, 312 (5th Cir. 2004)) (emphasis added). This court has not extended the holdings of either Desert Palace or Rachid so as to apply the mixed-motives analysis to Title VII retaliation claims. Septimus, 399 F.3d at 607 n.7; Campbell, 234 F. App'x at 186 n.4; Staten v. New Palace Casino, LLC, 187 F. App'x 350, 362 (5th Cir. 2006). This is particularly true where , as is this case here, neither party raises the issue, both parties argue pretext, and both parties engage in a but-for analysis. See Campbell, 234 F. App'x at 186 n.4. Accordingly, we apply the but-for analysis to determine whether McCullough has satisfied her ultimate burden under third stage of the McDonnell burden-shifting framework.

sufficient ground, even one not relied upon by the district court."). Houston County articulated a legitimate, nondiscriminatory reason for reducing McCullough's job responsibilities shortly after her deposition – Judge Fletcher complained that McCullough was incapable and requested that she be reassigned. Houston County also articulated a legitimate, nondiscriminatory reason for having no work for McCullough on the day of her mediation and ultimately terminating McCullough shortly after her mediation – the fact that McCullough took eight weeks of unapproved leave.

Thus, the burden shifted back to McCullough to show that Houston County's proffered reasons were a pretext for retaliation. McCullough's attempt at meeting her burden consisted of four points: (1) Rains hired a temporary employee to fill in for McCullough while she took leave, (2) Rains permitted another employee to wait six weeks before starting her position on September 11, 2006, (3) on the day of McCullough's mediation, Rains told McCullough there was no work for her to do, and (4) Rains fired McCullough approximately one month after her mediation.

McCullough's four points fail to rebut Houston County's proffered legitimate nondiscriminatory reasons. McCullough's rebuttal points are both irrelevant and nonresponsive to the fact that, at Judge Fletcher's request, Rains removed McCullough's administrative coordinating responsibilities because Judge Fletcher found McCullough incapable. Neither the fact that Rains hired another employee after McCullough took leave, nor the fact that Rains arranged for a delayed start date with another employee who was pregnant when hired, demonstrate that but for McCullough's discrimination lawsuit she would have kept her job. McCullough's third and fourth points accomplish nothing more than temporally juxtaposing the mediation of her suit against Houston County with a reduction in her workload and her termination. In this circuit, temporal proximity alone will not suffice to establish the requisite but-for causation. See

Strong, 482 F.3d at 808. McCullough has failed to raise a fact issue suggesting pretext. We hold that the district court properly dismissed her retaliation claim against Houston County.

## III. CONCLUSION

Because we find that McCullough did not suffer an adverse employment action, we also conclude that McCullough failed to make a prima facie case of discrimination. Furthermore, McCullough presented no evidence that Houston County's legitimate nondiscriminatory reasons for reducing her work responsibilities and ultimately terminating her from the District Clerk's office were pretextual. Accordingly, we AFFIRM both of the district court's grants of summary judgment in favor of Houston County and Cervantes.