

## NUMBER 13-08-00003-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

**MIRANDA MONTALVO,**                                                          **Appellant,**

**v.**

**COUNTY OF REFUGIO, TEXAS,**                                          **Appellee.**

**On appeal from the 267th District Court
of Refugio County, Texas.**

## MEMORANDUM OPINION

**Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez**

Appellant, Miranda Montalvo, appeals from a summary judgment granted in favor of appellee, the County of Refugio, Texas ("the County"). By four issues, Montalvo contends the trial court erred in: (1) granting summary judgment (issues one and two); (2) overruling her objections to the affidavit of Earl Petropoulos, Sheriff of the County (issue three); and (3) sustaining the County's objections to her affidavit (issue four). We affirm.

## I. Background

Montalvo was formerly employed as jail administrator for the County Jail. When Petropoulos was elected sheriff and took office in January 2005, he demoted her to correctional officer and replaced her with Officer Ted Arcand. In July 2005, Montalvo filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging race and gender discrimination. After Montalvo was terminated on December 13, 2005, she amended her charge of discrimination to include a retaliation claim. She sued the County in May 2006, alleging claims of sexual harassment, gender discrimination, and retaliation.[1]

The County filed a traditional and no-evidence motion for summary judgment.[2] In its no-evidence motion, the County argued that: (1) with respect to her sexual harassment claim, Montalvo had no evidence that she was subjected to unwelcome sexual harassment; and (2) with respect to her retaliation claim, Montalvo had no evidence of a causal connection between her filing a charge of discrimination and her termination. The County filed a traditional motion for summary judgment with regard to Montalvo's claims of gender discrimination. The County attached as summary judgment evidence: (1) an affidavit by Petropoulos with exhibits[3]; and (2) Montalvo's deposition. Montalvo filed a response and attached: (1) her own affidavit; and (2) the depositions of several current or former County Sheriff's Department employees, including Arcand, Sergeant Johnny Repka, Lieutenant Raymond Silvas, and Sergeant Rebecca Tanguma.

---

[1] *See* TEX. LABOR CODE ANN. §§ 21.051, 21.055 (Vernon 2006).

[2] *See* TEX. R. CIV. P. 166a(c), (i).

[3] The exhibits include: (1) Arcand's report as jail administrator; (2) Arcand's report regarding Montalvo; (3) Officer Rebecca Tanguma's written statement regarding Montalvo; and (4) Sergeant Johnny Repka's written statement regarding Montalvo.

The trial court held a hearing on the County's motion on September 24, 2007. Following the hearing, the trial court issued an order which: (1) granted summary judgment on Montalvo's sexual harassment and gender discrimination claims; (2) sustained the County's objections to Montalvo's affidavit on the bases that it contained hearsay and conclusory statements; (3) overruled Montalvo's objections to Sheriff Petropoulos's affidavit; and (4) granted summary judgment as to Montalvo's remaining claim of retaliation.

At the hearing, Montalvo's counsel advised the trial court that Montalvo "agreed" that summary judgment was proper as to her claims for sexual harassment and gender discrimination. The following statement was made by Montalvo's counsel:

> Your Honor, we agreed in terms of the initial discrimination claim, the gender-based discrimination, and with regard to the sexual harassment claim, that summary judgment should be granted as to those claims, as we told them that in mediation. I just didn't make it clear in our response. So that the sole argument that we have here now is the harassment and retaliation related to the filing of the claim, which would include the wrongful discharge, and that would simplify everything.

The trial court then granted summary judgment as to Montalvo's gender discrimination and sexual harassment claims, and stated it would hear the County's argument regarding Montalvo's retaliation claim.

We therefore conclude that Montalvo waived any challenge to the order granting summary judgment as to her sexual harassment and gender discrimination claims.[4] Accordingly, we review only whether the trial court erred in sustaining the County's objections to Montalvo's affidavit and in granting the County's no-evidence motion for summary judgment as to her retaliation claim.

---

[4] *See Bluestar Energy, Inc. v. Murphy*, 205 S.W.3d 96, 101 (Tex. App.–Eastland 2006, pet. denied) (noting that a party may not invite error by asking something of a court and then complain that the court erred in granting the request).

3

## II. Standards of Review and Applicable Law

### A. Summary Judgment

Whether a motion for summary judgment was brought on no-evidence or traditional grounds determines our standard of review.[5] A no-evidence summary judgment is equivalent to a pre-trial directed verdict, so we apply the same legal sufficiency standard of review.[6] We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions.[7] We "examine the entire record in the light most favorable to the non[-]movant, indulging every reasonable inference and resolving any doubts against the motion."[8]

A no-evidence motion for summary judgment must be granted if: (1) the moving party asserts that there is no evidence of one or more specified elements of a claim or defense on which the adverse party would have the burden of proof at trial; and (2) the respondent produces no summary judgment evidence raising a genuine issue of material fact on those elements.[9] The burden of producing evidence is entirely on the non-movant; the movant has no burden to attach any evidence to the motion.[10] We may not consider any evidence presented by the movant unless it creates a fact question.[11]

---

[5] *See* TEX. R. CIV. P. 166a(c), (i); *see also Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.).

[6] *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581-82 (Tex. 2006); *Ortega*, 97 S.W.3d at 772.

[7] *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)).

[8] *Sudan v. Sudan,* 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (quoting *City of Keller,* 168 S.W.3d at 823).

[9] *See* TEX. R. CIV. P. 166a(i); *Sudan,* 199 S.W.3d at 292.

[10] *See* TEX. R. CIV. P. 166a(i).

[11] *Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004).

## B. Retaliation

Section 21.055 of the labor code establishes that an employer commits an unlawful employment practice if the employer retaliates or discriminates against a person who files a charge of discrimination.[12] "The elements of a retaliation claim are (1) the employee engaged in a protected activity, (2) the employer took action against the employee, and (3) a causal connection between the employee's protected activity and the adverse employment decision."[13] This Court has recognized the Fifth Circuit's articulation of the standard for retaliation claims:

> The causal link required by the third prong does not rise to the level of a "but for" standard at the prima facie stage. "Close timing between an employee's protected activity and an adverse action against [her] may provide the 'connection' required to make out a prima facie case of retaliation." *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997); *see, e.g., Richard v. Cingular Wireless LLC*, 233 F. App'x 334, 338 (5th Cir. 2007) (concluding that two and one half months is a short enough time period to support an inference of a causal link); *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471-72 (5th Cir. 2002) (holding that a five-month lapse, by itself, does not support an inference of a causal link).
>
> Assuming the plaintiff establishes a prima facie case, then the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. If the employer articulates a legitimate nondiscriminatory reason, then "any presumption of discrimination raised by the plaintiff's prima facie case vanishes."
>
> In the final stage of the *McDonnell* framework,[[14]] the plaintiff bears the ultimate burden of demonstrating a genuine issue of material fact as to whether the employer's proffered reason is a pretext for a retaliatory purpose. The plaintiff must show that "the adverse employment action taken

---

[12] *See* TEX. LABOR CODE ANN. § 21.055 (Vernon 2006).

[13] *Cox v. Waste Mgmt.of Tex., Inc.,* 300 S.W.3d 424, 437 (Tex. App.–Fort Worth 2009, pet. denied) (quoting *Niu v. Revcor Molded Prods. Co.,* 206 S.W.3d 723, 730 (Tex. App.–Fort Worth 2006, no pet.); *see also Villarreal v. Del Mar College*, No. 13-07-00119-CV, 2009 Tex. App. LEXIS 2052, at *15 (Tex. App.–Corpus Christi 2009, pet. denied) (mem. op.) (citing *McCullough v. Houston County, Tex.*, 297 F. App'x 282, 288-89 (5th Circ. 2008)).

[14] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

5

against the plaintiff would not have occurred 'but for' her protected conduct." This court has expressly rejected the notion that temporal proximity standing alone is sufficient to establish but-for causation.[15]

### III. Analysis

### A. Objections to Montalvo's Affidavit

In her fourth issue, Montalvo contends the trial court erred in sustaining the County's objections to her affidavit. The County filed written objections to Montalvo's affidavit, specifically objecting to certain statements as hearsay and to others as vague and conclusory. The County objected to the following statements on the basis of hearsay: (1) "After [Sheriff] Petropolous was elected, I had learned that he had stated that he did not want a female running his jail"; (2) "After being demoted, I was told by other individuals the Sheriff had stated he did not want a female running his jail"; and (3) "Arcand had written me up and suspended me without proper reason, as he later admitted." As to the last statement, the County notes that insofar as the statement suggests that Arcand "admitted" something to Montalvo, it conflicts with Montalvo's earlier statement that Arcand had stopped talking to her. However, insofar as the statement suggests that Arcand "admitted" something to a third party, any such "admission" is hearsay.

The County also objected to the following statements as vague and/or conclusory: (1) "After I filed my complaint, everyone, including the Sheriff and Arcand[,] stopped talking to me. The Sheriff and Arcand changed their attitudes towards me and displayed a negative attitude"; and (2) "I believe that I suffered retaliation based on my filing my EEOC charge and complaint and was eventually terminated based on my charge and

---

[15] *Villarreal*, 2009 Tex. App. LEXIS 2052, at *16-17 (quoting *McCullough*, 297 F. App'x at 288-89 (some internal citations omitted)).

6

complaint."[16]

With regard to the County's hearsay objections, Montalvo asserts in her brief that the challenged statements are "admissible as statements against interest and admissions by a party opponent, which are exceptions to the hearsay rule."

At the summary judgment hearing, after hearing arguments of counsel, the trial court announced: "I'm going to disregard the statements in the first paragraph, [and] last paragraph that are based on hearsay and that are conclusory, and I will consider the rest of what the affidavit has to say." Thus, the trial court did not consider the first and second statements that the County objected to on the basis of hearsay, but did consider the third statement. As to the statements the County objected to on the basis that they were vague and/or conclusory, the trial court considered the first statement, but did not consider the second. We therefore address whether the trial court erred in refusing to consider the first and second statements challenged on the basis of hearsay and the second statement challenged as vague and/or conclusory.

We first address the trial court's refusal to consider the statements challenged on the basis of hearsay. The relevant portion of the first hearsay-challenged statement is, "I had learned that [Sheriff Petropolous] had stated . . . ." The relevant portion of the second hearsay-challenged statement is "I was told by other individuals the Sheriff had stated . . . ." The County argues that when Montalvo's affidavit "refers to a third party who supposedly heard the Sheriff say something[,] it becomes hearsay within hearsay and the

---

[16] We note that the County also objected to Montalvo's purported statement that "she was told matters regarding her termination." We assume the County is referring to the following statements in Montalvo's affidavit:

Eventually, I was told I was terminated based on an investigation that was not even completed until the day after I was terminated. I was told the investigation was the basis for my termination when some of the people who supposedly supplied statements for the termination did not make the statements until the day after I was terminated.

7

statement against interest and admission exceptions do not apply to the second hearsay."

Hearsay within hearsay is admissible "if each part of the combined statements conforms with an exception to the hearsay rule . . . ."[17] Here, with respect to the first statement, Montalvo does not say that Sheriff Petropolous told her directly what he said. Rather, she says only that she "learned" from unidentified others what the Sheriff purportedly said. Thus, without knowing the identity of the declarant, we cannot say that the first part of the statement qualifies as any exception to the hearsay rule.[18] Because not all levels of hearsay contained within the statement satisfy an exception to the hearsay rule, we conclude that the trial court did not abuse its discretion in sustaining the County's hearsay objection to this statement.

Similarly, the first level of hearsay in Montalvo's second statement identifies the declarants only as "other individuals" who told Montalvo what the Sheriff said. Montalvo has offered no hearsay exception applicable to these "other individuals." Thus, we conclude the trial court did not abuse its discretion in sustaining the County's hearsay objection to the second statement.

In her brief, Montalvo does not address the trial court's decision to disregard as conclusory her statement, "I believe that I suffered retaliation based on my filing my EEOC charge and complaint and was eventually terminated based on my charge and complaint." Accordingly, any issue regarding the trial court's decision to disregard this statement is inadequately briefed, and Montalvo has waived any error.[19] Regardless, we agree with the

---

[17] TEX. R. EVID. 805; *Knox v. Taylor*, 992 S.W.2d 40, 64 (Tex. App.–Houston [14th Dist.] 1999, no pet.).

[18] *See* TEX. R. EVID. 802.

[19] *See* TEX. R. APP. P. 38.1(i).

8

trial court that the statement is conclusory. A plaintiff's subjective belief as to the reason for her termination is not competent summary judgment evidence.[20] We conclude the trial court did not abuse its discretion in sustaining the County's objections to Montalvo's affidavit. We overrule Montalvo's fourth issue.

## B. No Evidence of Causation in Retaliation Claim

By her first and second issues, Montalvo contends the trial court erred in granting summary judgment as to her claim of retaliation. As noted, the County asserted that Montalvo had no evidence of a causal connection between her filing a charge of discrimination and her termination. We agree.

In her response to the County's motion, Montalvo devoted a single sentence to the causation element: "Plaintiff has met her burden in establishing a causal connection." Montalvo does not explain on appeal how this assertion relates to any of her claims, nor does she provide any argument or cite any evidence or authority.[21]

Nonetheless, we have reviewed the evidence attached to Montalvo's response: her own affidavit and the depositions of Officers Arcand, Repka, Silvas, and Tanguma. In her affidavit, Montalvo notes that "everyone" (presumably, in the Sheriff's Department) was informed that she had filed a charge of discrimination. As noted above, the trial court rejected the County's objection that the following statement was "vague, general, and conclusory": "After I filed my complaint, everyone, including the Sheriff and Arcand[,] stopped talking to me. The Sheriff and Arcand changed their attitudes towards me and displayed a negative attitude." Without addressing whether the trial court erred in

---

[20] *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 25 (Tex. 2000).

[21] *See* TEX. R. APP. P. 38.1(i).

9

overruling the County's objection, and without addressing whether the alleged "negative attitude" displayed toward Montalvo constituted an adverse employment action, we hold that neither this statement nor any other statement in Montalvo's affidavit[22] established a causal link between filing her charge of discrimination and her termination.[23]

Officer Arcand's deposition establishes that he knew of Montalvo filing a charge of discrimination because the Sheriff told him about it. Arcand also stated in his deposition that in December 2005, he recommended to the Sheriff that Montalvo be terminated because of complaints he had received about her from other officers. Officer Tanguma and other officers reported that Montalvo had said she "was not going to do what was asked of her" and "wasn't going to listen" to her fellow officers.

Officer Repka's deposition states that he did not know Montalvo had filed a charge of discrimination. Officer Silvas's deposition states that he was unaware of Montalvo's charge of discrimination in July 2005, but that he "eventually" heard about it. Silvas also discussed his written statement, in which he noted that Montalvo's conduct was causing a security risk due to her reported statements that she would not cooperate with or obey her fellow officers. Officer Tanguma's deposition states that she knew of Montalvo filing a charge of discrimination. She also discussed her written statement, in which she described Montalvo telling her that she (Montalvo) would never help Officer Tanguma if asked to do so, and also would never help Officers Arcand or Repka if asked to do so.

---

[22] In separate paragraphs, without explaining when any of the alleged events occurred, Montalvo also complained that she was "written up," "suspended without pay," was not offered a position as corporal, and finally, was terminated based on an investigation which she contends was pretextual.

[23] *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471-72 (5th Cir. 2002) (holding that a five-month lapse, by itself, between employee's protected activity and adverse employment action does not support an inference of a causal link).

10

We conclude that the officers' deposition testimony constituted no evidence of any causal link between Montalvo's filing of her charge of discrimination and her termination. Moreover, we conclude that even if Montalvo had established prima facie causation, her own evidence established that the County offered legitimate non-retaliatory reasons for its decision to terminate her.[24] Montalvo argues that the County's "investigation" of her, in which Officer Arcand questioned other officers about her, is a "pretense" because some of the officers' written statements were submitted the day after she was terminated. We disagree. The fact that the officers' written statements documenting the reported information were dated the day after Montalvo's termination does not establish that the County's legitimate, non-retaliatory reason for terminating Montalvo was pretextual. We hold that the trial court did not err in granting the County's motion for summary judgment on no-evidence grounds with regard to Montalvo's retaliation claim. We overrule Montalvo's first and second issues.

## IV. Conclusion

We need not address Montalvo's remaining issue, as it is not dispositive to this appeal.[25] We affirm the trial court's order granting summary judgment in the County's favor.

_____
LINDA R. YAÑEZ,
Justice

Delivered and filed the
29th day of April, 2010.

---

[24] *See Villarreal*, 2009 Tex. App. LEXIS 2052, at *16-17.

[25] *See* TEX. R. APP. P. 47.1.

11