# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20191
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2017

Lyle W. Cayce
Clerk

BERTIS E. VALENTINE,

> Plaintiff - Appellant

v.

NATIONAL OILWELL VARCO,

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1801

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Bertis E. Valentine appeals the district court's grant of summary judgment and dismissal of his civil suit against his former employer, National Oilwell Varco, for alleged violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. Finding no plain error, we affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20191

I.

Bertis E. Valentine ("Valentine") worked for National Oilwell Varco ("NOV") as a Machine Operator III before his termination at the age of 62. In 2008, Valentine was injured on the job and was eventually granted a continuous leave of absence beginning on June 7, 2010 and ending on a date uncertain. When he submitted his leave request, he signed a form acknowledging NOV's policy that, for medical leave because of a work-related injury, (1) employees must submit a physician letter certifying the employee is able to return to work before the employee could work again and (2) the maximum period for a medical leave of absence is one year.

With his one year of leave coming to an end, Valentine began communicating with NOV's human-resources manager, Lara Isaacs ("Isaacs"). He repeatedly updated her in the four months leading up to his termination that he had not yet received a release but was able to work with accommodations. Two weeks before the end of his one-year-leave period, Isaacs sent Valentine a letter explaining that, absent a release, he would be fired effective June 6, 2011. Valentine failed to give NOV a written release by that date and was discharged on June 7.

During his leave of absence, Valentine was treated by two physicians: Dr. Kenneth G. Berliner and Dr. David W. Wimberley. On March 3, 2011, Dr. Wimberley wrote a note certifying that Valentine could return to work for eight-hour days but could not lift anything over 55 pounds. Valentine admits that, prior to his termination, he gave this note to his attorneys but not NOV. And on July 15, after Valentine's termination, Dr. Berliner wrote NOV explaining that Valentine had been able to return to work on May 17 and asked NOV to rehire him. Finding this release untimely, Isaacs told Valentine he would need to reapply for his old job. NOV did not hire or promote anyone to Valentine's old position, choosing instead to eliminate it.

2

No. 17-20191

II.

In December 2011, Valentine filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging that NOV discriminated against him on the basis of disability and age. After receiving his right-to-sue letter, Valentine filed a complaint in the Southern District of Texas, asserting claims under the ADA and ADEA. NOV then filed a motion for summary judgment on June 10, 2016. The magistrate judge issued a memorandum and recommendation (M&R) to grant NOV's motion in part and dismiss all of Valentine's claims with prejudice. Neither Valentine nor NOV filed a timely objection to that M&R. And finding no clear error, the district court adopted the magistrate's findings and recommendation to grant summary judgment. Valentine now appeals the district court's ruling as to his age- and disability-discrimination claims and asks this court to reverse and remand to the district court.

III.

Usually, we review the grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). But plain error review applies where "a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court" despite being "served with notice of the consequences of failing to object." *United States ex rel. Steury v. Cardinal Health, Inc.*, 735 F.3d 202, 205 n.2 (5th Cir. 2013) (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1)).

Here, the magistrate judge warned Valentine that the failure to file written objections within 14 days from his receipt of the M&R would bar him from attacking the factual findings and legal conclusions on appeal. Nevertheless, he did not file timely objections, so the district court did not conduct a de novo review of the record. As a result, the factual findings and

No. 17-20191

legal conclusions adopted by the district court are reviewed for plain error. To prevail under that standard, Valentine "must show (1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would seriously impact the fairness, integrity, or public reputation of judicial proceedings." *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825–26 (5th Cir. 2015) (quoting *Septimus v. Univ. of Hous.*, 399 F.3d 601, 607 (5th Cir. 2005)); *see also Douglass*, 79 F.3d at 1424.[1]

## IV.

The complaint alleges that NOV fired Valentine in violation of the ADA and ADEA. The district court adopted both the magistrate's findings and conclusion that Valentine failed to establish a prima facie case for discrimination under the ADA and ADEA and the magistrate's recommendation that summary judgment be granted on those claims.

To establish a prima facie case of discrimination under either the ADA or ADEA, a plaintiff must prove that he was qualified for the position in question. *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (ADEA); *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 258 (5th Cir. 2001) (ADA). The court looks only to whether the employee was qualified at the time of his termination. *Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413, 418 (5th Cir. 2017). Here, the district court found that Valentine was not qualified to work as a Machine Operator III because he did not present NOV

---

[1] Both parties fail to acknowledge the applicability of plain error review in their briefing, but "[i]f neither party suggests the appropriate standard, the reviewing court must determine the proper standard on its own." *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc). The court must apply plain error review here. *Douglass*, 79 F.3d at 1428–29 ("[A] party's failure to file written objections . . . *shall* bar that party, except upon grounds of plain error, from attacking on appeal . . . ." (emphasis added)).

with a physician's letter releasing him to return to work before his one-year leave ended.

Valentine contests this finding on appeal and points to four items of evidence tending to show he was qualified: (1) the March 3, 2011 release, (2) the July 15, 2011 release, (3) his regular conversations with Isaacs regarding his return, and (4) NOV's invitation for him to reapply. This argument is unavailing. Valentine offered no evidence that he gave the March 3 or July 15 releases to NOV prior to his termination on June 7. In fact, the evidence shows only that he did not. And although there may have been a misunderstanding stemming from his conversation with Isaacs, NOV's policy required a physician's letter, not a verbal assurance from Valentine to Isaacs that he could return to work with accommodations. Finally, the question is whether Valentine was qualified at the time of his termination. Any evidence bearing on whether Valentine was qualified when NOV later told him to reapply for his old position is not on point. Valentine failed to present sufficient evidence to create a fact question that the district court plainly erred in dismissing his discrimination claims stemming from his termination.

We also agree with the district court's dismissal of Valentine's failure-to-rehire claims under the ADA and ADEA. To establish a prima facie case of discrimination where the alleged adverse employment action is failure to rehire, the plaintiff must show that "the employer continued to seek applicants with the plaintiff's qualifications." *McCullough v. Houston Cty. Tex.*, 297 F. App'x 282, 286 (5th Cir. 2008) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir. 1996)). The district court concluded that Valentine failed to present evidence that NOV continued to seek applicants for his position because that position was eliminated after his termination.

Valentine does not dispute that his Machine Operator III position was eliminated. Instead, he argues now that NOV hired younger, non-disabled

No. 17-20191

men for the Machine Operator I position, which is "almost identical" to his former position. Valentine cites no authority for his reliance on similar but different positions to make his prima facie showing. Indeed, the Machine Operator III position required more experience and involved additional primary responsibilities than the Machine Operator I position. The district court did not plainly err is dismissing his failure-to-rehire claims.

V.

We conclude that the district court did not plainly err in dismissing Valentine's claims. Accordingly, the decision of the district court adopting the magistrate judge's recommendation is

AFFIRMED.