# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31072

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LEIGHTON COMRIE,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, HAYNES, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

In this appeal, a defendant urges us to vacate his conviction and sentence pursuant to a Religious Freedom Restoration Act ("RFRA") defense he concedes was never presented to the district court. Finding no reversible plain error, we **AFFIRM**.

## FACTUAL BACKGROUND

On Christmas Eve, 2014, Louisiana Probation and Parole officers made a routine visit to Leighton Comrie's home.[1] Comrie's brother-in-law let the

---

[1] Comrie was on probation pursuant to his 2013 conviction for possession with intent to distribute marijuana.

officers into the residence, and the officers "detected a strong odor of marijuana." Officers saw Comrie exit the master bathroom "holding a marijuana cigarette." The probation officers summoned the New Orleans Police Department, and "recovered" the following items from Comrie's home: "a .357 caliber . . . revolver, . . . 82 rounds of .357 [caliber] ammunition, . . . 313 rounds of .22 [caliber] ammunition, 50 rounds of .45 caliber ammunition," either 3 or 4 shooting range target sheets, and "approximately 12 grams [of] marijuana."

Comrie subsequently entered an unconditional guilty plea for violations of 21 U.S.C. § 844(a), which criminalizes possession of controlled substances (here, marijuana), and 18 U.S.C. § 922(g), which forbids certain classes of people (here, an individual with a prior felony conviction) from possessing firearms.

During the proceedings below, connections between Comrie's marijuana use and his affiliation with the Rastafari religion entered the record through two sources: (1) the U.S. Probation Office's presentence investigation report, and (2) an oral statement offered by Comrie's wife.

The presentence report, which the district court adopted "as its findings of fact," includes quotations through which Comrie directly linked marijuana use and Rastafari religious practices. According to Comrie, he grew up under the care of grandparents in Trenchtown, Kingston, Jamaica. There, at age seven, Comrie began using marijuana in connection with his Rastafari faith. According to Comrie, he thus grew up "smoking weed, reading the bible, and praising God." Neither Comrie nor the Government objected to the presentence report.

No. 15-31072

At the sentencing hearing, Comrie's wife stated, "[h]e had marijuana . . . and it's a part of his religion, and it[2] wasn't right, with all due respect to the Court." After defense counsel presented argument regarding mitigating circumstances, Comrie confirmed that did not wish to withdraw his guilty plea.

The district court rendered concurrent sentences of 15 months imprisonment, "with credit for time served in federal prison or waiting for federal prison," for each of Comrie's two offenses.

Comrie now appeals his marijuana possession conviction and sentence.

## JURISDICTION

The district court had jurisdiction over this federal criminal case under 18 U.S.C. § 3231. This Court has appellate jurisdiction to review Comrie's conviction and sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## STANDARD OF REVIEW

The parties suggest that we should review the record for plain error. *See* Appellant's Br. at 7; Appellee's Br. at 5. Though Comrie's failure to raise a RFRA defense below may constitute a waiver, the Government candidly conceded at oral argument that its briefing did not urge us to deem Comrie's argument waived. We therefore apply the plain error standard.[3]

"To succeed on plain error review, [Comrie] must show (1) a forfeited error, (2) that is clear or obvious, and (3) that affects [his] substantial rights."

---

[2] In context, this use of the word "it" refers to Comrie's prosecution.

[3] Because we hold Comrie demonstrates no reversible plain error, we leave open the question of whether we could withhold appellate review altogether pursuant to our waiver doctrine. *See Musacchio v. United States*, 136 S. Ct. 709, 718 & n.3 (2016) (holding that a district court's "failure to enforce" an unraised limitations defense under 18 U.S.C. § 3282(a) "cannot be a plain error," and consequently leaving open the question of "whether the failure to raise that defense in the District Court amount[ed] to waiver . . . ."). In a case predating the Supreme Court's *Musacchio* decision, this Court applied plain error review to an unraised RFRA argument. *See United States v. Muhammad*, 165 F.3d 327, 336 (5th Cir. 1999) (applying plain error review to First Amendment and RFRA arguments "raised for the first time on appeal").

3

No. 15-31072

*United States v. Cordova-Soto*, 804 F.3d 714, 722 (5th Cir. 2015) (citing *Puckett v. United States*, 556 U.S. 129, 135 (2009)), *cert. denied*, 136 S. Ct. 2507 (2016). "If an appellant makes such a showing, we may exercise our discretion 'to remedy the error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Puckett*, 556 U.S. at 135) (ellipsis and brackets omitted).

## ANALYSIS

Our holding that no reversible plain error exists flows necessarily from our conclusion that the district court committed no error. We would not, in this case, exercise our remedial discretion even if we perceived an error, because we discern no threat to "the fairness, integrity or public reputation of judicial proceedings" in the district court's failure to unilaterally raise and consider a RFRA defense that Comrie himself never asserted. *See United States v. Muhammad*, 165 F.3d 327, 337 (5th Cir. 1999) (concluding that a RFRA defense raised "for the first time on appeal" would not warrant the exercise of remedial discretion under the final prong of plain error review).

### I.     Absence of Error

As a threshold matter, we hold that the district court committed no error when it accepted Comrie's plea and sentenced him without identifying, sua sponte, and expressly considering possible RFRA arguments.

"Congress enacted RFRA in order to provide greater protection for religious exercise than is available under the First Amendment." *Holt v. Hobbs*, 135 S. Ct. 853, 859–60 (2015). "A person whose religious practices are burdened in violation of RFRA 'may assert that violation as a claim or defense in a judicial proceeding and obtain appropriate relief.'" *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 424 (2006) (quoting 42 U.S.C. § 2000bb–1(c)).

No. 15-31072

Notably, the statutory framework depends upon litigants to affirmatively invoke RFRA defenses. *See Muhammad*, 165 F.3d at 336–37 (applying plain error standard of review where appellant only raised a RFRA argument "for the first time on appeal"); *see also Hankins v. Lyght*, 441 F.3d 96, 104 (2d Cir. 2006) ("A party may certainly waive or forfeit a RFRA defense by failing to argue that a law or action substantially burdens the party's religion."). To claim RFRA's protections, a person "must show that (1) the relevant religious exercise is 'grounded in a sincerely held religious belief' and (2) the government's action or policy 'substantially burdens that exercise by, for example, forcing the plaintiff to engage in conduct that seriously violates his or her religious beliefs.'" *Ali v. Stephens*, 822 F.3d 776, 782–783 (5th Cir. 2016) (quoting *Holt*, 135 S. Ct. at 862) (brackets and internal quotations omitted).[4] Only "if the [religious person] carries this burden" does the government "bear[] the burden of proof to show that its action or policy (1) is in furtherance of a compelling governmental interest and (2) is the least restrictive means of furthering that interest." *Id.* at 783.

In this case, even assuming for the sake of argument that Comrie's statements recorded in the presentence report and his wife's statements at the sentencing hearing would satisfy Comrie's initial RFRA burdens, Comrie never "assert[ed]" a RFRA violation "as a claim or defense" below. *See* 42 U.S.C. § 2000bb-1(c); *see also* Appellant's Br. at 7 (conceding that "Comrie did not raise this defense below . . . ."). Instead, Comrie entered a guilty plea.

We conclude that the district court committed no error, and certainly no reversible "plain error," when it accepted Comrie's plea and sentenced him

---

[4] *Ali* construed the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc, not RFRA. The precedent provides guidance in RFRA cases, however, since the RLUIPA "mirrors RFRA" and allows persons "to seek religious accommodations pursuant to the same standard as set forth in RFRA." *See Holt*, 135 S. Ct. at 860 (quoting *O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. at 436).

No. 15-31072

without reference to an unraised RFRA defense. *Cf. Musacchio v. United States*, 136 S. Ct. 709, 718 (2016) ("We conclude . . . that a district court's failure to enforce an unraised limitations defense under [18 U.S.C.] § 3282(a) cannot be a plain error."). Comrie's appeal, therefore, fails to satisfy the first prong of our plain error review.

## II.    Remedial Discretion

We further note that even if Comrie could satisfy the first three prongs of our plain error review standard, his appeal does not present circumstances warranting our discretionary intervention. Upon plain error review, "we may exercise our discretion 'to remedy [an] error only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Cordova-Soto*, 804 F.3d at 722 (quoting *Puckett*, 556 U.S. at 135) (ellipsis and original brackets omitted).

Comrie's failure to raise RFRA arguments below deprived the district court of its best opportunity to consider the "fact-driven" RFRA analysis, and left the Government with "no opportunity to present factual evidence of either its compelling governmental interests or the legitimate . . . objectives to be served. . . ." *See Muhammad*, 165 F.3d at 337. "[O]ne of the most important purposes of the plain error rule . . . is to require parties to present issues to the district court for resolution, and potentially avoid unnecessary, wasteful appeals as to issues that the district court might have decided in the appellant's favor, had the court simply been given an opportunity to do so." *Id.* Under the circumstances of this case, we conclude that "the fairness, integrity, and public reputation of judicial proceedings are not seriously affected by our discretionary decision to enforce our long-standing, well-established, salutary requirement that issues be first considered by the district court." *See id.*

No. 15-31072

## CONCLUSION

We hold that the district court did not err by accepting Comrie's guilty plea and sentencing him without reference to Comrie's unraised RFRA arguments. Under the circumstances presented by this case, moreover, the error Comrie perceives would not persuade us to exercise our remedial discretion. Accordingly, we **AFFIRM**.