# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51301
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL ISAIAH THODY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-153-1

Before PRADO, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Daniel Isaiah Thody was convicted of five counts of tax evasion and sentenced, on remand from this court, to serve a total of 90 months in prison and three years on supervised release. Additionally, the district court ordered that Thody pay restitution as a condition of supervised release. Now, he argues that the district court acted vindictively by imposing a prison sentence that was the result of an upward variance from the applicable guidelines range and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court's decision to impose a variance was not supported by legitimate reasons.

Sentences, whether inside or outside the advisory guidelines range, are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). When analyzing the substantive reasonableness of a sentence, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range," while affording "deference" to the district court's choice of sentence and keeping in mind that it may not vacate the sentence imposed simply because it would have chosen a different one. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).

If the challenged sentence deviates from the guidelines range, this court must decide whether it "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Smith*, 440 F.3d at 708.

Thody has not met this standard. The district court's oral and written remarks show that it gave due consideration to the § 3553(a) factors and was particularly concerned with the need for the sentence imposed to account for the nature and circumstances of the offense as well as Thody's characteristics, which are proper sentencing factors. *See* § 3553(a)(1). The remarks also show the district court's concern with fashioning a sentence that would promote respect for the law and deter further criminal conduct, which are proper sentencing factors. *See* § 3553(a)(2)(A),(B). The record shows no error in

connection with the district court's choice to impose an above-guidelines sentence. *See Smith*, 440 F.3d at 708.

Because Thody's vindictiveness argument was not raised in the district court, it is reviewed for plain error only. *See United States v. Vontsteen*, 950 F.2d 1086, 1092 (5th Cir. 1992) (en banc). To establish plain error, one must show that the district court committed a clear or obvious error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). Even if he does so, this court will correct the error only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The necessary first requirement of a claim of vindictive sentencing is that the second sentence be more severe than the first. *Vontsteen*, 950 F.2d at 1092. When, as is the case here, the defendant receives the same prison term on resentencing as he did originally, there is no plain error. *Vontsteen*, 950 F.2d at 1092-93. Thody has shown no reversible error in connection with his term of imprisonment.

Next, Thody argues that the district court erred by ordering restitution because it is not authorized under 18 U.S.C. § 3663. This argument is unavailing under our jurisprudence. *See United States v. Westbrooks*, 858 F.3d 317, 327-28 (5th Cir. 2017), *petition for cert. filed* (July 10, 2017) (No. 17-5112); *United States v. Nolen*, 543 F.3d 732, 732-33 (5th Cir. 2008); *United States v. Nolen*, 523 F.3d 331, 332 (5th Cir. 2008); *United States v. Nolen*, 472 F.3d 362, 382 (5th Cir. 2006).

Likewise unavailing is his claim that the amount of restitution was not properly established. This amount was shown in the PSR, and Thody offered no evidence to rebut the facts recited therein. Accordingly, the district court was entitled to rely upon the amount of restitution given in the PSR when

No. 16-51301

sentencing Thody.  *See Westbrooks*, 858 F.3d at 330; *United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010).

Thody's final argument is that his religious freedom has been infringed in violation of the Religious Freedom Restoration Act (RFRA).  Because Thody did not raise this claim in the district court, review is for plain error only.  *See United States v. Comrie*, 842 F.3d 348, 350 (5th Cir. 2016).  Thody's conclusional assertions concerning an alleged burden on his religious freedom are insufficient to meet this standard.  *See Comrie*, 842 F.3d at 350-51.

AFFIRMED.